STATE OF HAWAII, Plaintiff-Appellee, *v.*
GEORGE P. FERREIRA, JR.,
Defendant-Appellant

No. 5210

MAY 18, 1973

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ.

*Per Curiam.* This is an appeal by the defendant, George P. Ferreira, Jr., from a judgment of conviction on one of two counts of malicious conversion, HRS § 752 (1) , and from the denial of certain post trial motions filed May 12, 1971.

## FACTS

The defendant, during late November or early December of 1969, allegedly converted a red MG automobile (MG) and an International Travelall station wagon (Travelall) by towing both vehicles away from the storage yard of the Maui County Jail in Wailuku, Maui, without permission.

Though the testimony is in conflict, it is apparent that the defendant and two others appeared at the Maui County Jail, presented what appeared to be ownership papers to the MG and represented that he had permission to tow the car away. Lieutenant Acoba, the officer in charge at the jail, testified that he instructed the defen-

dant to obtain clearance from the County Finance Department before towing the car away. Lieutenant Acoba further testified that defendant left the jail and was not seen again that day, and that the above event occurred during a weekday in late November, 1969.

However, Police Officer Anthony Rocha testified that while he was on duty at the jail during a weekend in late November, the defendant appeared and presented apparent ownership papers and claimed that he had permission to tow the MG away. Rocha further testified that two or three hours after defendant towed the MG away the defendant and two others returned to the jail and towed the Travelall away.

Upon discovering the vehicles missing, an investigation was commenced by the State, which resulted in the return of an indictment against the defendant on two counts of malicious conversion. The defendant's jury trial resulted in an acquittal on count I concerning the MG and a conviction on count II concerning the Travelall.

On May 12, 1971, the defendant filed motions in the alternative for a judgment of acquittal *n.o.v.*, for arrest of judgment or for new trial on count II of the indictment. The defendant also moved to enjoin prosecutorial misconduct on April 16, 1971. The above motions were denied by order of the trial court on May 17, 1971. On the same day a judgment of conviction for malicious conversion was entered against defendant on count II of the indictment.

Defendant appeals both from the judgment entered and the denial of his post verdict motions of May 17, 1971.

## JURISDICTION

Defendant has, in part, based appellate jurisdiction of this court on the judgment of conviction entered on May 17, 1971. However, said judgment of conviction

does not include any sentence imposed upon the defendant as mandated by HRCrP Rule 32 (b). This rule provides:

> A judgment of conviction *shall* set forth the plea, the verdict or findings, and the adjudication and *sentence*. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly. The judgment shall be signed by the judge and entered by the clerk. The filing of the judgment in the office of the clerk constitutes the entry of the judgment. (Emphasis added.)

HRS § 641-11 also provides that:

> . . . the decree and the *sentence* of the court in a criminal case *shall* be the judgment. (Emphasis added.)

It is clear that a formal sentence pursuant to a criminal conviction comprises a substantial part of a judgment of conviction.

Thus, for purposes of appeal, we are of the opinion that the judgment entered in this case is not a final judgment conferring appellate jurisdiction on this court.[1] Consequently, we do not reach the issue of the applicability of HRS § 750-1 to abandoned vehicles. Further, inasmuch as the judgment in this case is not final, any claim of relief predicated on such judgment is also premature. Defendant's motions for judgment of acquittal *n.o.v.*, for arrest of judgment or for new trial are all premised on the fact that there has been a final disposition of the case adverse to the defendant. Consequently, we cannot consider the relative merits, if any, of the above motions.

---

[1]Nowhere in the record is there any indication that the defendant was in fact sentenced, or that imposition of his sentence was in any way suspended. *See* HRS § 641-41. However, it is possible that no sentence was imposed as HRS § 752-1 provides no minimum penalty. Even if this is true, this should have been reflected in the judgment of conviction.

Appeal is dismissed.

*Ralph E. Corey* for defendant-appellant.
*Andrew T. Johnson, Jr.*, Assistant County Attorney, County of Maui, for plaintiff-appellee.

