STATE OF HAWAII, Plaintiff-Appellee, *v.* WAYNE JOSEPH JOHNSTON, also known as WAYNE COLBURN, Defendant-Appellant

NO. 7676

NOVEMBER 26, 1980

RICHARDSON, C.J., OGATA, MENOR, LUM AND NAKAMURA, JJ.

*Per Curiam.* We have raised, *sua sponte,* the question of whether we have jurisdiction to hear this appeal.

Defendant-appellant, Wayne Joseph Johnston, also known as Wayne Colburn, appeals from the First Circuit Court's order entered on December 3, 1979, denying his motion to dismiss the

10

indictment. Appellant was indicted on June 5, 1979, by the Oahu Grand Jury for the offense of Robbery in the First Degree in violation of HRS § 708-840(1)(b)(ii). On August 22, 1979, the Grand Jury amended the indictment to add Counts II and III for Robbery in the First Degree in violation of HRS § 708-840(1)(b)(ii), and Count IV for Robbery in the Second Degree in violation of HRS § 708-841(1)(b).

On November 1, 1979, appellant filed a Motion to Dismiss Indictment on the ground that no independent grand jury counsel was present at the proceedings to advise the grand jurors in violation of Art. I, § 11 of the Hawaii State Constitution. Article I, § 11 had been proposed by the Hawaii Constitutional Convention of 1978 and ratified by the voters on November 7, 1978. The State filed a memorandum in opposition arguing that Article I, § 11 was not self-executing and that the present grand jury system prevailed until supplemental legislation was enacted.[1]

On December 3, 1979, the First Circuit Court entered an order denying the appellant's Motion to Dismiss the Indictment. The appellant filed this appeal from that order on December 27, 1979.

Appellant was found guilty on all four counts after three jury trials. On April 25, 1980, the First Circuit Court entered its judgment against appellant and sentenced him to twenty years for each of the offenses in Counts I through III, and ten years in Count IV. Appellant was also ordered to make restitution in the amount of $82.25 in Count I, $105.00 in Counts II and III, and $203.00 in Count IV.

Ordinarily the circuit court would be divested of jurisdiction of a case after an appeal has been perfected. *MDG Supply, Inc. v. Diversified Investment, Inc.*, 51 Haw. 375, 381, 463 P.2d 525, 529 (1969); *cert. denied*, 400 U.S. 868 (1970); *Territory v. Damon*, 44 Haw. 557, 563, 356 P.2d 386, 390 (1960). There is no indication in the record of this case that any objection was made by appellant that the circuit court had lost jurisdiction because of the filing of this appeal on December 27, 1979. We raised the question of appellant's right to appeal on oral argument. A jurisdictional defect in an appeal cannot

---

[1] Such supplemental legislation to implement Article I, § 11, was enacted effective as of June 6, 1980. See Act. 209, S.L.H. 1980.

be waived by the parties or disregarded by us. We must dismiss an appeal on our own motion if we lack jurisdiction. *State v. Bikle,* 60 Haw. 576, 592 P.2d 832 (1979); *Fasi v. Hawaii Public Employment Relations Bd.,* 60 Haw. 436, 591 P.2d 113 (1979); *State v. Valiani,* 57 Haw. 133, 552 P.2d 75 (1976); *BDM, Inc. v. Sageco, Inc.,* 57 Haw. 73, 549 P.2d 1147 (1976); *Wylly v. First Hawaiian Bank,* 57 Haw. 61, 549 P.2d 477 (1976); *Jezierny v. Biggins,* 56 Haw. 662, 548 P.2d 251 (1976); and *State v. Ferreira,* 54 Haw. 485, 510 P.2d 88 (1973).

The appellant contends that jurisdiction is founded on HRS §§ 641-11 and 602-5. However, HRS § 641-11 states:

> Any party deeming himself aggrieved by the judgment of a circuit court in a criminal matter, may appeal to the supreme court, subject to chapter 602 in the manner and within the time provided by the Hawaii Rules of Criminal Procedure. The *sentence* of the court in a criminal case shall be the judgment. . . .

(Emphasis added.)

Thus, the sentence of a circuit court in a criminal case may be appealed within ten days after the entry of the sentence. Hawaii Rules of Penal Procedure, Rule 37(c).

In the instant case, appellant brought this appeal from the First Circuit Court's order denying his motion to dismiss the indictment. We hold that such an order is interlocutory and is not a final order or judgment. It is therefore not one that is appealable under HRS § 641-11. Moreover, the appellant did not file an interlocutory appeal from the order pursuant to HRS § 641-17. Also, after the trial, appellant did not appeal the sentence pursuant to HRS § 641-11 on the ground that the circuit court erred in denying his pretrial motion to dismiss the indictment.

Under the circumstances, we do not have jurisdiction to proceed in this case.

Dismissed.

*Edward A. Haman* for defendant-appellant.

*Peter Carlisle (Arthur E. Ross* on the answering brief), Deputy Prosecuting Attorneys, for plaintiff-appellee.