**STATE OF HAWAII**, Plaintiff–Appellee, v. **HAROLD RICHARD BURGO**, Defendant–Appellant

NO. 13773

(CR. NO. 54031)

FEBRUARY 20, 1990

LUM, C.J., PADGETT, HAYASHI, AND
WAKATSUKI, JJ., AND RETIRED JUSTICE
NAKAMURA, ASSIGNED BY REASON
OF VACANCY

## OPINION OF THE COURT BY WAKATSUKI, J.

Harold Richard Burgo was indicted in 1981 for first degree burglary in violation of Hawaii Revised Statutes (HRS) § 708–810. He was acquitted of the charge due to insanity and was committed to the Hawaii State Hospital (HSH) for treatment and confinement. HRS § 704–411.

In early 1986, Burgo was conditionally released from HSH. Six months later the State moved for revocation of the order for conditional release. The motion was denied, but certain conditions were modified by the trial court. Another motion to revoke was brought by the State a year later but that motion was also denied.

When the State again moved to revoke the order for conditional release in September, 1988, the court directed that Burgo be examined by staff psychiatrists at HSH.

Pursuant to this examination, Dr. Robert Bickel reported that Burgo did not demonstrate an understanding of the criminal proceedings against him and was unable to assist in his own defense. Dr. Bickel stated that Burgo was "not fit to proceed."

On the basis of Dr. Bickel's report to the court, Burgo's counsel requested that the proceeding on the motion to revoke conditional release be suspended. The court agreed to suspend

proceedings but committed Burgo to HSH so long as his unfitness endures.

Apparently, the court relied on HRS § 704–404 and § 704–406. HRS § 704–404 permits the court, whenever "there is reason to doubt [the defendant's] fitness to proceed," to "immediately suspend all further proceedings in the prosecution," and order that an examination of the defendant be conducted. In pertinent part, HRS § 704–406(1) provides:

If the court determines that the defendant lacks fitness to proceed, the proceeding against him shall be suspended, . . . and the court shall commit him to the custody of the director of health to be placed in an appropriate institution for detention, care, and treatment for so long as such unfitness shall endure.

A hearing to review Burgo's condition was held in January, 1989. Dr. Bickel again reported that Burgo could not understand the proceedings against him, could not assist in his own defense, and therefore, was unfit to proceed. Dr. Bickel further opined that Burgo's condition would not change. Based on Dr. Bickel's opinion and pursuant to HRS § 704–406(2), Burgo's counsel moved to dismiss the charges against Burgo and to have him civilly committed.

HRS § 704–406(2) provides:

When the court, on its own motion or upon the application of the director of health, the prosecuting attorney, or the defendant, determines, after a hearing if a hearing is requested, that the defendant has regained fitness to proceed, the penal proceeding shall be resumed. If, however, the court is of the view that so much time has elapsed since the commitment or conditional release of the defendant that it would be unjust to resume the proceeding, the court may dismiss the charge and may order the defendant to be discharged or, subject to the law governing the involuntary hospitalization or conditional release

of persons suffering from physical or mental disease, disorder, or defect, order the defendant to be committed to the custody of the director of health to be placed in an appropriate institution for detention, care, and treatment or order the defendant to be released on such conditions as the court determines necessary.

A different judge presided at the January hearing. He held that the suspension provisions of HRS § 704–404 and § 704–406 were not applicable to post–acquittal proceedings, and therefore, refused to further suspend the proceedings on the motion to revoke the order for conditional release. Instead, the court proceeded upon HRS § 704–413(3), which states:

If, at any time after the order pursuant to section 704–411 granting conditional release, the court shall determine, after hearing evidence, that the conditions of release have not been fulfilled or that for the safety of such person or others his conditional release should be revoked, the court may forthwith modify the conditions of release or order the person to be committed to the custody of the director of health, subject to discharge or release only in accordance with the procedure prescribed in section 704–412.

The court, after conducting an evidentiary hearing, granted the State's motion, thereby revoking the order granting Burgo's conditional release.

Burgo appeals. We affirm.

Burgo contends that: 1) the trial court erred in determining that his fitness to proceed applied only to pre–trial proceedings and not to a post–acquittal proceeding; 2) that the trial court erred by granting the State's motion to revoke the order granting Burgo's conditional release when it was uncontested that he was unfit to proceed at the revocation hearing; and 3) Burgo's due process rights were violated when the trial court denied his motion to dismiss the charge and that he be civilly committed.

In determining whether HRS § 704–404 and § 704–406 apply to post–acquittal proceedings, we must read these statutory provisions in the context of the entire statute, and construe them in a manner consistent with the purposes of the statute. *State v. Tengan*, 67 Haw. 451, 458, 691 P.2d 365, 370 (1984). "Even the rule that penal statutes are to be strictly construed does not permit a court to ignore the legislative intent, nor does it require the rejection of that sense of the words used which best harmonizes with the design of the statute or the end in view." *State v. Ogata*, 58 Haw. 514, 517–18, 572 P.2d 1222, 1224 (1977) (quoting *State v. Prevo*, 44 Haw. 665, 669, 361 P.2d 1044, 1047 (1961)). Furthermore, this court will not interpret a statute in a manner which produces an absurd result. *State v. Ogata*, 58 Haw. at 518, 572 P.2d at 1225.

We must read § 704–404 and § 704–406 in conjunction with § 704–413(3) which clearly authorizes the court to revoke an order of conditional release "at any time" when the terms of release have not been fulfilled, or the safety of the person or others are in potential jeopardy.

When we consider the use of words such as "defendant," "prosecution," "penal proceeding," and "charges" in § 704–404 and § 704–406, it becomes more apparent that the legislature did not intend that fitness to proceed provisions apply to post–acquittal proceedings. These words are irrelevant and inappropriate once the defendant has been acquitted by reason of insanity.

Furthermore, to hold that fitness to proceed provisions apply to post–acquittal proceedings would produce an absurd result as this case evidences. Here, Burgo was conditionally released from HSH. The State moved to revoke that conditional release. Burgo's counsel argues that the court cannot act upon the State's motion because Burgo is unfit to proceed. Yet, Burgo's counsel concedes that the statute permits the court to confine Burgo to HSH until such time as he is fit to proceed. Burgo's counsel then argues that when Burgo is fit to proceed, the court then can act on the motion to

revoke conditional release even though Burgo has been confined to HSH during the entire time.

Burgo's motive is to have § 704–406 apply to him to take advantage of the clause which permits the court to dismiss him from the jurisdiction of the criminal courts.

The intent of the legislature is clear that § 704–406 should not apply in post–acquittal proceedings. The entire legislative scheme, once a person has been acquitted by reason of insanity, is to place that person under court supervision. Under § 704–411, the court initially has options to commit the person to an institution, to grant a conditional release, or to discharge him. Sections 704–412 through 704–415 provide for continuing supervision, and for modification of orders to suit the person's condition at any given time. And § 704–416.5 provides for supervision by a probation officer whenever the person is placed on conditional release.

Burgo obviously seeks to circumvent the statutory scheme enacted by the legislature and to frustrate its intent. His apparent motive is to have § 704–406 apply to him in order to escape supervision of the criminal courts.

Affirmed.

*Linda C. Ramirez*, Deputy Public Defender, for defendant–appellant.

*Patricia Loo Goodness*, Deputy Prosecuting Attorney, for plaintiff–appellee.