***FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER***

**Electronically Filed
Supreme Court
SCWC-16-0000681
30-AUG-2017
10:03 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

DONALD NICOL,
Petitioner/Defendant-Appellant.

SCWC-16-0000681

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-16-0000681; CR. NO. 14-1-1642)

AUGUST 30, 2017

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, AND WILSON, JJ.

OPINION OF THE COURT BY POLLACK, J.

Donald Nicol was charged in the Circuit Court of the First Circuit (circuit court) with multiple counts of sexual assault. Due to pretrial delay, the circuit court dismissed the case without prejudice pursuant to Hawai'i Rules of Penal

Procedure (HRPP) Rule 48 (2012) and the three-factor analysis of State v. Estencion, 63 Haw. 264, 625 P.2d 1040 (1981).  Nicol appealed the circuit court's order to the Intermediate Court of Appeals (ICA), arguing that the circuit court erred in dismissing the case without prejudice, thereby permitting reprosecution of the charges.  The ICA dismissed the appeal for lack of appellate jurisdiction based on its conclusion that the Hawaii Revised Statutes did not permit Nicol's appeal.  Thus, the sole issue before this court is whether a defendant has the right to appeal a circuit court order dismissing a case without prejudice.

We hold that, under Hawaii Revised Statutes (HRS) § 641-11 (Supp. 2004), a defendant may appeal from an order of the circuit court dismissing the proceedings without prejudice, and the ICA therefore possessed jurisdiction over Nicol's appeal.  Accordingly, we remand the case to the ICA for resolution of the merits of Nicol's appellate claim.

## I.    CIRCUIT COURT PROCEEDINGS

On October 14, 2014, Nicol was charged by indictment with four counts of sexual assault in the first degree in violation of HRS § 707-730(1)(b) (Supp. 2013), four counts of sexual assault in the second degree in violation of HRS § 707-

731(1)(a) (Supp. 2013), and two counts of sexual assault in the fourth degree in violation of HRS § 707-733(1)(a) (Supp. 2013).[1]

On October 20, 2014, at arraignment, Nicol pleaded not guilty to the charges. Trial was continued multiple times to resolve issues relating to discovery and various motions in limine, to secure the presence of anticipated witnesses, to rule on Nicol's motion to dismiss the indictment based on insufficient evidence, to reassign the case following recusal of the presiding judge, and to address the court's scheduling conflicts.[2] For certain periods of this time, Nicol waived his right to a speedy trial.

On June 7, 2016, Nicol moved to dismiss the indictment based in part on alleged violations of his rights under HRPP Rule 48, which requires a court to dismiss criminal charges when trial has not commenced within six months from the date of arrest if bail is set. Nicol further contended that, pursuant to the three-factor test set forth by this court in State v.

---

[1] The indictment also reflects three additional counts of sexual assault in the first degree that were stricken. Additionally, one of the second-degree sexual assault counts was subsequently dismissed by the circuit court by order dated April 13, 2015.

[2] The record reflects that the Honorable Colette Y. Garibaldi was assigned to preside over the proceedings following the recusal of the Honorable Dexter D. Del Rosario, with the exception of the motion to dismiss proceeding, which was held before the Honorable Paul B.K. Wong.

Estencion, 63 Haw. 264, 625 P.2d 1040 (1981), he was entitled to dismissal with prejudice.[3]

On September 16, 2016, the circuit court entered its Order Granting in Part and Denying in Part Defendant Donald Nicol's Motion to Dismiss Indictment With Prejudice (Order of Dismissal). With respect to Nicol's argument based on HRPP Rule 48, the court concluded that the applicable period of delay exceeded six months, thereby violating HRPP Rule 48 and requiring dismissal of the charges. The circuit court further concluded that dismissal without prejudice was the appropriate remedy based on its application of the three-factor test set forth in Estencion, 63 Haw. 264, 625 P.2d 1040.

## II.    ICA PROCEEDINGS

Following Nicol's appeal of the Order of Dismissal to the ICA, the State filed a Counterstatement of Jurisdiction arguing that the ICA lacked appellate jurisdiction to review the circuit court's order. The State contended that the right of appeal in a criminal case must be granted by statute and that no statute afforded Nicol the right to appeal an order dismissing proceedings without prejudice. The State contended that circuit

---

[3]    Nicol also contended that the delay in commencing the trial violated his state and federal constitutional rights to a speedy trial, which argument the circuit court rejected.

court defendants may only appeal from the following: (1) "the sentence of the court in a criminal case" based on HRS § 641-11 (Supp. 2004), which sets forth the right of appeal in circuit court criminal cases; (2) a certified interlocutory order pursuant to HRS § 641-17 (1993);[4] or (3) an order denying a motion to dismiss based on double jeopardy principles. According to the State, none of these bases applied in Nicol's case to permit the ICA's review of the Order of Dismissal.

In Nicol's Statement of Jurisdiction, he submitted that the ICA did in fact have jurisdiction to review the merits of his appeal. Nicol maintained that HRS § 641-11 contained an "ambiguity as to what constitutes an appealable judgment or order of the circuit court." Nicol stated that this court had interpreted HRS § 641-12 (Supp. 2004) to grant district court defendants the right to appeal a district court order dismissing charges without prejudice. Nicol also asserted that this court had previously held that, pursuant to HRS § 641-13 (Supp. 2006),

---

[4] The State further submits on certiorari that Nicol had the right to seek the circuit court's permission for an interlocutory appeal under HRS § 641-17 in this case, but that he failed to do so. Nicol responds that he had no such right because interlocutory review of an order terminating a case would be inappropriate and HRS § 641-17 only permits defendants to seek interlocutory review of a decision denying a motion to dismiss.

the State may appeal an order of dismissal from both the district and circuit court in criminal cases.

Nicol thus reasoned that the ability of a district court defendant and the State to appeal an order of dismissal shows that an order dismissing proceedings without prejudice constitutes a final order or decision which is ripe for appeal. Nicol also contended that an interpretation of the statutes as prohibiting circuit court defendants from appealing orders of dismissal yet granting such right of appeal to similarly-situated district court defendants would result in a violation of Nicol's constitutional right to equal protection of the laws. According to Nicol, HRS § 641-11 must be interpreted in a manner that does not lead to this "unreasonable," "absurd," and "unconstitutional" result.

On January 11, 2017, the ICA issued an Order Dismissing the Appeal for Lack of Appellate Jurisdiction (Order Dismissing the Appeal). The ICA stated that the case was dismissed without prejudice by the circuit court based on a violation of HRPP Rule 48, and, therefore, "no sentence ha[d] been imposed." The ICA thus concluded that it lacked appellate jurisdiction "because there is no 'judgment' in the record on appeal as defined by [HRS] § 641-11 (2010)." As a result, the ICA determined that Nicol was not entitled to a review of the

circuit court's Order of Dismissal under HRS § 641-11 and dismissed Nicol's appeal.

### III. STANDARDS OF REVIEW

"The existence of jurisdiction is a question of law that we review de novo under the right/wrong standard." Lingle v. Haw. Gov't Emps. Ass'n, 107 Hawai'i 178, 182, 111 P.3d 587, 591 (2005). Additionally, "[t]he interpretation of a statute is a question of law reviewable de novo." State v. Arceo, 84 Hawai'i 1, 10, 928 P.2d 843, 852 (1996) (quoting State v. Camara, 81 Hawai'i 324, 329, 916 P.2d 1225, 1230 (1996)).

### IV. DISCUSSION

On certiorari, Nicol contends that the ICA improperly dismissed his appeal of the circuit court's Order of Dismissal based on a "limited reading" and "uncritical interpretation" of the term "judgment" in HRS § 641-11. The State responds that the circuit court's Order of Dismissal is not a "judgment" within the meaning of HRS § 641-11 because it is not "a sentence," and, therefore, no jurisdictional basis exists to permit Nicol's appeal in this case.[5]

---

[5] At oral argument, however, counsel for the State expressed that "with regard to the jurisdictional issue, the State's actually in agreement with Petitioner." See Oral Argument at 23:09-20, State v. Nicol, SCWC-16-0000681 (argued July 18, 2017), http://oaoa.hawaii.gov/jud/oa/17/SCOA_071817_SCWC_16_681.mp3.

"The right of appeal in a criminal case is purely statutory and exists only when given by some constitutional or statutory provision."  State v. Kalani, 87 Hawai'i 260, 261, 953 P.2d 1358, 1359 (1998) (quoting State v. Fukusaku, 85 Hawai'i 462, 490, 946 P.2d 32, 60 (1997)).  Under the Hawaii Revised Statutes, the right to appeal in criminal cases is generally divided into three categories: the right to appeal from the circuit courts, the right to appeal from the district courts, and the State's right to appeal in both the district and circuit courts.  See generally HRS § 641-11 (Supp. 2004) (circuit courts); HRS § 641-12 (Supp. 2004) (district courts); HRS § 641-13 (Supp. 2006) (State's right to appeal).  The Hawaii Revised Statutes also provide a specific statutory basis for the right of circuit court defendants to seek interlocutory appeals.  See HRS § 641-17 (Supp. 2004).

In addition to the rights of appeal set forth in chapter 641, this court has on several occasions stated that its statutory supervisory powers set forth in HRS § 602-4 (1993)[6] may provide it with an independent jurisdictional basis to "prevent and correct error and abuses where no other remedy is expressly

_____

[6]     HRS § 602-4 (1993) states that "[t]he supreme court shall have the general superintendence of all courts of inferior jurisdiction to prevent and correct errors and abuses therein where no other remedy is expressly provided by law."

provided for by law."  State v. Ui, 66 Haw. 366, 370, 663 P.2d 630, 633 (1983) (observing that although this court may have lacked jurisdiction under HRS § 641-11, it had authority under HRS § 602-4 to invoke its supervisory powers to entertain an appeal); see also State v. Kealaiki, 95 Hawai'i 309, 317, 22 P.3d 588, 596 (2001); State v. Johnson, 96 Hawai'i 462, 471, 32 P.3d 106, 115 (App. 2001).[7]

### A.    Right of Appeal of Circuit Court Defendants

Our analysis begins with HRS § 641-11, which sets forth the right to appeal from the circuit courts and provides as follows:

> Any party aggrieved by the judgment of a circuit court in a criminal matter may appeal to the intermediate appellate court, subject to chapter 602, in the manner and within the time provided by the rules of court.  The sentence of the court in a criminal case shall be the judgment.  All appeals shall be filed with the clerk of the supreme court and shall be subject to one filing fee.

HRS § 641-11 (emphases added).  Thus, under HRS § 641-11, a party aggrieved by the "judgment" of a circuit court may appeal

---

[7]    Additionally, although not founded in statute, this court has held that certain appeals may be brought pursuant to the "collateral order" exception.  Kealaiki, 95 Hawai'i at 316-17, 22 P.3d at 595-96.  Pursuant to this doctrine, an order or decision of the court may be appealable if it: "(1) fully disposes of the question at issue; (2) resolves an issue completely collateral to the merits of the case; and (3) involves important rights which would be irreparably lost if review had to await a final judgment."  Id. (quoting State v. Baranco, 77 Hawai'i 351, 353-54, 884 P.2d 729, 731-32 (1994) (applying the collateral order exception to hold that a defendant may take an interlocutory appeal of an order denying a pretrial motion to dismiss based on double jeopardy grounds)).

to the intermediate appellate court.  Id.  The statute also states that the "sentence" shall constitute the "judgment."  Id.

At issue in this case is whether the statutory clause identifying the "sentence" as the "judgment" precludes circuit court defendants from appealing an order of dismissal without prejudice.  "When construing a statute, [this court's] foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself."  State v. McKnight, 131 Hawaiʻi 379, 388, 319 P.3d 298, 307 (2013) (alteration in original) (quoting State v. Kotis, 91 Hawaiʻi 319, 327, 984 P.2d 78, 86 (1999)).  Additionally, "[t]he legislative history of a statute remains relevant 'even when the language appears clear upon perfunctory review.'"  State v. Alangcas, 134 Hawaiʻi 515, 526, 345 P.3d 181, 192 (2015) (quoting Richardson v. City & Cty. of Honolulu, 76 Hawaiʻi 46, 68-69, 868 P.2d 1193, 1215-16 (1994)).  "Were this not the case, a court may be unable to adequately discern the underlying policy which the legislature seeks to promulgate and, thus, would be unable to determine if a literal construction would produce an absurd or unjust result, inconsistent with the policies of the statute."  Id. (quoting Richardson, 76 Hawaiʻi at 68-69, 868 P.2d at 1215-16).

The substance of HRS § 641-11 dates back to at least 1892, and, prior to the legislative session of 1925, its predecessor statute provided that a writ of error could be issued to "any party deeming himself aggrieved by the judgment of a circuit court, the land court, or a district magistrate, or by the order or decree of a circuit judge at chambers . . . within six months from the entry of such judgment, order or decree." Revised Laws of Hawaii (RLH) § 2521 (1925). The territorial legislature in 1925 amended the statute, however, to include the clause at issue in this case. The amended statute provided in relevant part as follows:

> A writ of error . . . may be issued . . . upon the application of any party deeming himself aggrieved by the judgment of a circuit court, the land court, or a district magistrate, or by the order or decree of a circuit judge at chambers . . . within six months from the entry of such judgment, order or decree and the sentence of the court in a criminal case shall be the judgment.

1925 Haw. Sess. Laws Act 211, § 1 at 255-56 (emphasis added).

In its committee report, the Senate Committee on Judiciary (Committee) stated that the 1925 amendment was intended to "more clearly define[] the time within which" defendants could seek a writ of error in criminal cases. S. Stand. Comm. Rep. No. 181, in 1925 Senate Journal, at 550. The Committee elaborated that under both the previous and amended versions of the statute, individuals were permitted to seek such a writ in criminal cases "within six months from the entry of

11

judgment[]."  Id. at 551.  However, the Committee was concerned that there was ambiguity as to when the relevant six-month period began to run.  Id.  The Committee noted that courts had generally treated the sentence in a criminal case as the relevant "entry of judgment" for purposes of computing the six-month period, but it also noted that there had been "a doubt as to the correctness of such a construction."  Id.  The Committee determined that the sentence of the court was indeed the relevant event by which to measure the six-month window, and, therefore, it specifically identified the "sentence" as the "judgment" in its amendment to codify this interpretation of the statute.  Id.  Thus, the legislative history surrounding the 1925 amendment to the statute classifying the "sentence" as the "judgment" indicates that the legislature intended not to narrow the scope of decisions and orders from which defendants could appeal, but, rather, to more clearly establish the relevant timeframe within which defendants could do so.

This court's understanding of HRS § 641-11 is further informed by our jurisdiction's caselaw, which suggests that considerations of finality are the primary focus in resolving questions of appealability under the statute.  In State v. Johnston, for example, this court ruled that a circuit court order denying a motion to dismiss was not appealable under HRS §

641-11 in part because the order--which did not terminate proceedings in the case--was deemed to be of an interlocutory nature. 63 Haw. 9, 10, 619 P.2d 1076, 1077 (1980). The Johnston court concluded that the order denying the motion to dismiss was "not a final order or judgment," and it was therefore not appealable under the statute. Id. Although the court considered the language of HRS § 641-11 that "[t]he sentence of the court in a criminal case shall be the judgment," it did not conclude that jurisdiction was lacking based on the absence of a "sentence"; rather, this court focused on the fact that denial of a motion to dismiss permitted proceedings to move forward and therefore lacked finality. Id.; see also State v. Ferreira, 54 Haw. 485, 486-87, 510 P.2d 88, 89 (1973) (appeal not permitted under HRS § 641-11 where judgment of conviction lacked any indication that sentencing had occurred and where the record suggested that "the judgment in [the] case [was] not final").

In Ui, this court again considered the scope of HRS § 641-11 and elaborated that an appeal need not necessarily be from a "sentence" for principles of finality to warrant its adjudication. 66 Haw. at 368-69, 663 P.2d at 631-32. In that case, following a mistrial and dismissal of the indictment with prejudice, the defendant's court-appointed counsel sought an

order awarding attorneys' fees. Id. at 368, 663 P.2d at 631. After the circuit court issued the order granting counsel a portion of the fees he sought, the defendant appealed the attorneys' fees order and submitted that jurisdiction under HRS § 641-11 was proper. Id. On appeal, the State cited to Johnston, 63 Haw. 9, 619 P.2d 1076, and argued that an appeal under the statute could only be taken "from a sentence of the circuit court." Id. at 369, 663 P.2d at 632. The Ui court distinguished Johnston, explaining that "Johnston did not definitively rule that an appeal under HRS § 641-11 must be from a sentence in a criminal case." Id. Rather, this court considered Johnston to imply that "an appeal may also be brought from an order deemed to be final." Id. The Ui court determined, however, that it need not expressly rule on this issue because the defendant lacked standing to challenge the order awarding his counsel attorneys' fees.[8] Id. at 369-70, 663 P.2d at 632-33 (reasoning that the defendant was not personally "aggrieved" by the attorneys' fees order within the meaning of HRS § 641-11).

---

[8] Although the Ui court later stated in the context of another possible jurisdictional basis that it "lack[ed] jurisdiction under HRS § 641-11," the court concluded that it "[did] not need to decide this issue" (i.e., "whether the judgment appealed from must be a sentence"). 66 Haw. at 369-70, 663 P.2d at 632-33.

We again considered principles of finality as they related to appeals in Kalani, where this court discussed the differences between a grant and a denial of a defendant's motion to dismiss. 87 Hawai'i at 261-62, 953 P.2d at 1359-60. In Kalani, we considered whether the State was entitled to appeal an order of dismissal without prejudice pursuant to HRS § 641-13.[9] Id. at 261, 953 P.2d at 1359. After determining that the statute and its caselaw indicated that the State was entitled to appeal such an order, this court observed the possible applicability of Johnston, which it construed as indicating that "in a criminal case, an appeal must be from a 'final order or judgment.'" Id. (quoting Johnston, 63 Haw. at 11, 619 P.2d at 1077). Although the Kalani court ultimately concluded that Johnston possessed minimal persuasive authority because it was based on a different statute, it reasoned that the order in

---

[9]     HRS § 641-13 provides in relevant part as follows:

    An appeal may be taken by and on behalf of the State from the district or circuit courts to the intermediate appellate court, subject to chapter 602, in all criminal matters, in the following instances:

        (1)   From an order or judgment quashing, setting aside, or sustaining a motion to dismiss  any indictment, information, or complaint     or any count thereof . . . .

HRS § 641-13 (Supp. 2006).

Johnston denying a motion to dismiss differed from the order at issue, which granted a motion to dismiss and effectively terminated proceedings.  Id. at 261-62, 953 P.2d at 1359-60.

> When dismissal is denied in a criminal case, the circuit court conducts further proceedings and, presumably, the case eventually goes to trial.  Thus, an order denying a motion to dismiss is not final.  The present case, however, involved an order granting a motion to dismiss.  If dismissal is granted, there is nothing further to be accomplished in the trial court and the proceedings are ended.  Thus, an order granting a motion to dismiss is final.

Id.  The Kalani court further observed that if the State chose to recharge a defendant following an order dismissing proceedings without prejudice, "recharging [the defendant] does not revive the original case."  Id. at 262, 953 P.2d at 1360.  "Rather, recharging the defendant initiates a new case," and, therefore, "a dismissal without prejudice is a final order-it terminates the current case."  Id.

An emphasis on finality is also present in State v. Lawrence, 139 Hawai'i 192, 386 P.3d 476 (App. 2016), in which the ICA held that a judgment of acquittal and commitment based on an insanity defense constituted a "sentence" for purposes of HRS § 641-11.  In Lawrence, the defendant was found not guilty by reason of mental disease, disorder, or defect following a bench trial.  139 Hawai'i at 194-95, 386 P.3d at 478-79.  Accordingly, the court issued a judgment of acquittal and an order committing the defendant to the care and custody of the director of health

to be placed in an appropriate institution.  Id. at 195, 386 P.3d at 479.  Following entry of the judgment of acquittal, the defendant sought to appeal one of a series of orders issued by the circuit court authorizing his involuntary medication while in the State's custody.  Id. at 195-99, 386 P.3d at 479-83.

In considering whether his appeal was permissible under HRS § 641-11, the ICA observed several instances in which this court had "implicitly held" that orders regarding involuntary treatment and medication were "appealable orders."  Id. at 199-200, 386 P.3d at 483-84 (citing Kotis, 91 Hawai'i 319, 984 P.2d 78 (appeal of a pretrial involuntary order of medication); State v. Miller, 84 Hawai'i 269, 933 P.2d 606 (1997) (appeal of an order denying petition for conditional release following acquittal on the ground of mental disease or disorder and commitment to state custody); State v. Burgo, 71 Haw. 198, 787 P.2d 221 (1990) (appeal of an order revoking grant of conditional release following acquittal and commitment to state custody)).  The Lawrence court additionally considered that a defendant found not guilty based on an insanity defense who was committed to the custody of the State may be subject to deprivation of liberty "for a prolonged, and indeed an indefinite, period of time."  Id. at 200, 386 P.3d at 484.  The court reasoned that it would be "anomalous" to preclude an

17

appeal "under the circumstances of [the] case" and suggested that interpreting HRS § 641-11 to prohibit the appeal would yield absurd results. Id. at 201, 386 P.3d at 485 (citing Burgo, 71 Haw. at 202, 787 P.2d at 223). Thus, the ICA determined that the judgment of acquittal and commitment constituted a "sentence" for purposes of HRS § 641-11 given its nature and finality. Id. at 200-01, 386 P.3d at 484-85 (also holding that the order authorizing involuntary medication was an appealable post-judgment order).

In keeping with this focus on finality, we have also interpreted HRS § 641-11 to bar an appeal of orders that do not represent final decisions of the court or otherwise terminate proceedings. In Kealaiki, for example, this court considered whether a circuit court order granting a deferred acceptance of no contest (DANC) plea was appealable under HRS § 641-11. 95 Hawai'i at 311-12, 22 P.3d at 590-91. The court explained that in general, if a DANC plea is granted by order of the circuit court, "acceptance of the plea is then deferred," further proceedings are suspended pending the defendant's satisfaction of certain conditions, and, upon "[s]uccessful completion of the deferral period," the charges are dismissed. Id. at 315, 22 P.3d at 594. The defendant in Kealaiki had sought to appeal the circuit court's order accepting his DANC plea, but prior to

completion of the deferral period; as such, the criminal charges remained pending at the time of appeal. Id. at 312, 22 P.3d at 591. This court reasoned that given the nature of the deferred plea procedure, an order granting a DANC plea was neither a conviction nor a sentence. Id. at 312-13, 22 P.3d at 591-92. The Kealaiki court therefore concluded that an appeal of an order granting a DANC plea pending the deferral period was not authorized by HRS § 641-11. Id. at 312, 22 P.3d at 591.

Decisions of this jurisdiction thus demonstrate that our courts have not rigidly interpreted appealability pursuant to HRS § 641-11. Rather, we have looked to considerations of finality and determined whether the order or decision terminated proceedings, leaving "nothing further to be accomplished in the trial court." Kalani, 87 Hawai'i at 261-62, 953 P.2d at 1359-60; see also Johnston, 63 Haw. at 10, 619 P.2d at 1077; Ui, 66 Haw. at 368-69, 663 P.2d at 631-32; Kealaiki, 95 Hawai'i at 311-12, 22 P.3d at 590-91. Such an interpretation of HRS § 641-11 is consistent with the legislative intent behind the statute's language identifying the "sentence" as the "judgment" in circuit court proceedings, which was not intended to limit the scope of permissible appeals under the statute, but, rather, to more clearly establish the timeline in which an appeal could be

19

pursued.  S. Stand. Comm. Rep. No. 181, in 1925 Senate Journal, at 550-51.

### B.    Right of Appeal of District Court Defendants and of the State

Reference to the analogous rights of appeal of district court defendants and of the State in both district and circuit court cases is also appropriate in analyzing Nicol's right to appeal in this case because "[l]aws in pari materia, or upon the same subject matter, shall be construed with reference to each other."  Richardson v. City & Cty. of Honolulu, 76 Hawai'i 46, 55, 868 P.2d 1193, 1202 (1994) (alteration in original) (quoting HRS § 1-16 (1985)).

HRS § 641-13 (Supp. 2006) provides a listing of orders, rulings, and decisions of both the district and circuit courts from which the State may appeal, including "an order or judgment quashing, setting aside, or sustaining a motion to dismiss."  HRS § 641-13(1).  Our court has interpreted this language of HRS § 641-13 to permit the State to appeal an order dismissing proceedings without prejudice.  See Kalani, 87 Hawai'i at 261, 953 P.2d at 1359 ("[T]he plain meaning of [HRS § 641-13(1)] indicates that the prosecution can appeal from both dismissals with prejudice and without prejudice.").

20

HRS § 641-12 sets forth the right to appeal for district court defendants and provides in relevant part as follows:

> Appeals upon the record shall be allowed <u>from all final decisions and final judgments of district courts</u> in all criminal matters. Such appeals may be made to the intermediate appellate court, subject to chapter 602, whenever the party appealing shall file notice of the party's appeal within thirty days, or such other time as may be provided by the rules of the court.

HRS § 641-12 (Supp. 2004) (emphasis added). Thus, district court defendants may appeal from "all final decisions and final judgments." <u>Id.</u>

The difference in standards between the appeals provisions relating to district court and circuit court defendants originated by virtue of statutory amendment and appears to have been a byproduct of a 1972 legislative updating of the Hawaii Revised Statutes. Prior to 1972 and dating back to the late 1800s, Hawai'i law provided for both appeals and for writs of errors. Appeals were permitted from "all decisions" of "district magistrates" in civil and criminal cases pursuant to section 2508 of the Revised Laws of Hawaii, <u>see</u> RLH § 2508 (1925), and appeals were likewise permitted from all "decisions, judgments, orders or decrees" of "circuit judges in chambers" under section 2509, <u>see</u> RLH § 2509 (1925). Under RLH § 2521 (1925), writs of error could be sought by "any party deeming himself aggrieved by the judgment of a circuit court, the land

court, or a district magistrate, or by the order or decree of a circuit judge at chambers . . . within six months from the entry of such judgment, order or decree."  Thus, separate statutory bases existed to permit appeals from district courts and from circuit courts, and a separate, single statute set the terms by which parties could seek writs of error from all lower courts. Our statutes maintained the distinction between appeals and writs or error for many decades.

In 1972, the Hawai'i Legislature conducted a "long overdue" "[c]omprehensive updating and unifying" of the Hawaii Revised Statutes.  S. Stand. Comm. Rep. No. 622-72, in 1972 Senate Journal, at 1006.  The resulting legislation (Act 89) was the product of work done by the Committee on Coordination of Rules and Statutes and sought to address "[o]bsolete civil procedure provisions" dating back to the 1800s.  Id.  Act 89 removed the distinction in our statutes between "appeals" and "writs of errors" and consolidated the two categories into one chapter ("Appeals"), which was divided into the two subparts currently found in the Hawaii Revised Statutes ("Appeals in Civil Actions and Proceedings" and "Appeals in Criminal Proceedings").  Within the subpart "Appeals in Criminal Proceedings," Act 89 set forth the three subsections that exist in the present day: appeals from the circuit courts, appeals

from the district courts, and appeals by the State in criminal cases.  1972 Haw. Sess. Laws Act 89, § 5 at 348-49.

To define the right of appeal of circuit court defendants, Act 89 borrowed from the previous language relating to writs of error from the circuit, land, and district courts. The legislation deleted the reference to land and district courts and provided that "[a]ny party deeming himself aggrieved by the judgment of a circuit court in a criminal matter, may appeal . . . within the time provided by the Hawaii Rules of Criminal Procedure.  The sentence of the court in a criminal case shall be the judgment."  1972 Haw. Sess. Laws Act 89, § 5 at 348 (emphasis added).  To define the right of appeal of district court defendants, Act 89 relocated the prior provision permitting appeals of "all decisions" of "district magistrates" in both civil and criminal cases and expressly limited its applicability to criminal cases.  Id.  Thus, as a result of the 1972 legislation, (1) any circuit court defendant "deeming himself aggrieved by the judgment . . . in a criminal matter" could seek an appeal, and "[t]he sentence of the court in a criminal case" constituted "the judgment," see HRS § 641-11 (1972), and (2) district court defendants could appeal from "all final decisions and final judgments . . . in all criminal matters," see HRS § 641-12 (1972).

Any textual difference created by Act 89 between the statutory rights of circuit court defendants and district court defendants does not appear to be purposeful. Rather than substantively modifying the appellate rights of defendants, the stated purpose of Act 89 was to "eliminate inconsistencies with the rules of court; delete outmoded provisions; make improvements of a technical nature; and transfer procedural matters to rules of court where advisable." S. Stand. Comm. Rep. No. 622-72, in 1972 Senate Journal, at 1005. A Senate Special Committee Report on the amendments made to the new "Appeals" chapter was silent regarding the difference in statutory text between HRS § 641-11 and HRS § 641-12, and it neither explained nor referenced the treatment afforded to circuit court versus district court defendants pursuant to the legislation. See id. at 1006 (stating that Senate Special Committee Report No. 7 on Act 89 "reflect[ed] the views of" the Senate Committee on Judiciary); see also S. Spec. Comm. Rep. No. 7, in 1972 Senate Journal, at 705 (discussing the "Appeals" chapter created by Act 89). Likewise, the report on Act 89 created by the Committee on Coordination of Rules and Statutes manifests no intent to create different appellate rights for district and circuit court criminal defendants, but, rather, to more clearly organize and set forth the appellate rights of

civil and criminal litigants in general.  See S. Stand. Comm. Rep. No. 622-72, in 1972 Senate Journal, at 1006 (finding The Report of the Committee on Coordination of Rules and Statutes to be helpful, though not necessarily reflecting the views of the Senate Committee on Judiciary); see also Comm. on Coordination of Rules and Statutes, 2 Report of the Committee on Coordination of Rules and Statutes § 641 (Sept. 1, 1971) (explaining proposed amendments relating to appeals).

The statutory scheme created by Act 89 remains in effect today, and the appellate rights codified at HRS § 641-11 and HRS § 641-12 that are relevant to this case remain substantively identical to those enacted by Act 89.  Relying on the language specific to HRS § 641-12, courts of this jurisdiction have interpreted the statute to grant district court defendants the right to appeal orders of dismissal without prejudice.  See, e.g., State v. Hern, 133 Hawai'i 59, 62, 323 P.3d 1241, 1244 (App. 2013) (adjudicating on remand defendant's appeal of an order of dismissal without prejudice after this court vacated the ICA's order dismissing on jurisdictional grounds).  Thus, under the Hawaii Revised Statutes, district court defendants and the State in either district or circuit court may appeal from an order dismissing proceedings without prejudice.  Id.; Kalani, 87 Hawai'i at 261, 953 P.2d at 1359.

### C.    Nicol May Appeal the Circuit Court's Order of Dismissal Under HRS § 641-11

This court has not previously articulated a clear ruling as to whether circuit court defendants in criminal matters are afforded the right to appeal an order dismissing proceedings without prejudice under HRS § 641-11.  The text of the statute provides that any party "aggrieved by the judgment" of the circuit court in a criminal case may take an appeal.  HRS § 641-11.  Significantly, as noted, the clause specifying that "[t]he sentence of the court in a criminal case shall be the judgment" was not intended to narrow the scope of orders and decisions from which circuit court defendants could appeal.  S. Stand. Comm. Rep. No. 181, in 1925 Senate Journal, at 550-51.  Rather, it was intended to ensure that defendants timely appealed and to erase ambiguity as to the deadline by which defendants were required to do so.  Id.

In keeping with the identification of the "sentence" as the "judgment" as relating to issues of timing rather than scope, appellate courts of this jurisdiction have not interpreted HRS § 641-11 solely by considering whether or not the relevant decision contained an order of punishment or other formal pronouncement of guilt.  Rather, as discussed, in determining whether dispositions are subject to appeal under the statute, our courts have focused the inquiry on whether the

26

relevant order terminated the proceedings in the case and left nothing further to be accomplished by the lower court.  See, e.g., State v. Johnston, 63 Haw. 9, 10, 619 P.2d 1076, 1077 (1980); Ui, 66 Haw. at 368-69, 663 P.2d at 631-32; State v. Ferreira, 54 Haw. 485, 486-87, 510 P.2d 88, 89 (1973); State v. Lawrence, 139 Hawai'i 192, 200, 386 P.3d 476, 484 (App. 2016); Kealaiki, 95 Hawai'i at 312, 22 P.3d at 591.

We also consider that, under the ICA's interpretation of the statute in this case, district court defendants may appeal an order of dismissal without prejudice pursuant to HRS § 641-12 while circuit court defendants are denied the same right under HRS § 641-11.  In light of the history of these provisions, this court cannot conclude that the legislature intended to grant one right to district court defendants yet withhold that right from circuit court defendants.  Rather, it appears that the legislature intended to maintain a preexisting appellate scheme that granted to criminal defendants in general the right to appeal final orders.  The difference in text between the two statutes likely resulted from the concerted effort to reorganize the appellate statutory scheme and delete obsolete provisions, rather than to create different classes of rights to be afforded to circuit court and district court defendants with regard to final orders and judgments.

Additionally, there are several situations in which the district and circuit courts may have jurisdiction over the same criminal charge. Under HRS § 603-21.5(a)(1) (Supp. 2008), the circuit courts have jurisdiction over all "[c]riminal offenses cognizable under the laws of the State, committed within their respective circuits." Under HRS § 604-8(a) (Supp. 2001), the criminal jurisdiction of the district courts is limited to "criminal offenses punishable by fine, or by imprisonment not exceeding one year whether with or without fine." However, misdemeanor or petty offenses may be brought in circuit court if, for example, they are related to a felony offense as prescribed by the Hawaii Revised Statutes. See State v. Aiu, 59 Haw. 92, 97 n.8, 576 P.2d 1044, 1048 n.8 (1978) (observing in a case involving both felony and misdemeanor charges arising from the same course of conduct that "both the misdemeanor and felony charges in this case could have been joined and tried in circuit court"). Jurisdiction over a charge may also transfer from the district court to the circuit court if a district court defendant exercises a right to a trial by jury. See HRPP Rule 5(b)(3) (2014) (describing the procedures by which district court defendants who do not waive their right to a jury trial "shall [be] commit[ted] . . . to the circuit court for trial by jury"). If in either of these circumstances

charges are subsequently dismissed without prejudice, it would appear unreasonable to base a defendant's right of appeal on whether a misdemeanor charge had been joined with a felony accusation or whether the defendant had requested a jury trial on a misdemeanor charge.[10]

Further, the ICA's interpretation of HRS § 641-11 would result in broader appellate rights being afforded to those faced with less serious crimes and the denial of such rights to those faced with charges of a greater gravity.  Permitting those faced with misdemeanor and petty charges to appeal an order of dismissal without prejudice while denying that same right to circuit court defendants does not take into account that those faced with more serious charges may have an equal or greater interest in appealing an order of dismissal without prejudice so as to preclude reprosecution.  Interests relating to judicial economy and practicality likewise suggest that in such circumstances, it would be inconsistent to permit an immediate appeal from an order of dismissal without prejudice from the

---

[10]    We further observe that under such an interpretation of HRS § 641-11, a district court defendant who wishes to exercise a constitutional right to a trial by jury--thereby resulting in the commitment of the case to circuit court--would be effectively deprived of the right to appeal an order of dismissal without prejudice.  A district court defendant in such a situation may therefore be burdened in the exercise of the jury trial right insofar as the invocation of the constitutional right deprives the defendant of the statutory right to appeal.

district court yet to preclude an appeal from the same order issued by the circuit court when the underlying charge may be identical.  See Keliipuleole v. Wilson, 85 Hawaiʻi 217, 221-22, 941 P.2d 300, 304-05 (1997) ("[a] rational, sensible and practicable interpretation [of a statute] is preferred to one which is unreasonable or impracticable" (alterations in original) (quoting State v. Lobendahn, 71 Haw. 111, 112, 784 P.2d 872, 873 (1989))).

Relatedly, contrary to the State's contention, it is not readily apparent that circuit court defendants have the right to seek an interlocutory appeal of an order of dismissal without prejudice pursuant to HRS § 641-17 (Supp. 2004).  HRS § 641-17 provides in relevant part that "[u]pon application . . . an appeal in a criminal matter may be allowed to a defendant from the circuit court . . . from a decision denying a motion to dismiss or from other interlocutory orders."  HRS § 641-17 (emphasis added).  The circuit court's determination whether to grant an interlocutory appeal under the statute is subject to whether the judge, "in the judge's discretion," believes that such an appeal would be "advisable for a more speedy termination of the case."  Id. (emphasis added).

Thus, HRS § 641-17 clearly affords circuit court defendants the right to seek an interlocutory appeal of a denial

of a motion to dismiss. Id. However, it is not clear that the same statutory right attaches to the grant of a motion to dismiss. Indeed, the text of the statute suggests that such an order would not be subject to HRS § 641-17; review of an order of dismissal is not necessarily "advisable" to facilitate "a more speedy termination of the case" in such circumstances because, by virtue of the order, proceedings have already terminated. Id.; see also Kalani, 87 Hawai'i at 261-62, 953 P.2d at 1359-60 (describing legal effect of order dismissing proceedings without prejudice). For this reason, the State's characterization of an order of dismissal without prejudice-- which represents a final termination of the case--as an interlocutory order subject to discretionary appeal within the meaning of the statute may likewise be incorrect. See Interlocutory, Black's Law Dictionary (10th ed. 2014) (defining "interlocutory" as "interim or temporary; not constituting a final resolution of the whole controversy").

As we described in Kalani, 87 Hawai'i at 261-62, 953 P.2d at 1359-60, an order of dismissal without prejudice leaves "nothing further to be accomplished in the trial court." The proceedings are ended, and, therefore, "an order granting a motion to dismiss is final." Id. Thus, in light of the focus of our caselaw on general considerations of finality in

interpreting HRS § 641-11, the legislative intent behind the key language in the statute, the history of HRS § 641-11 as it relates to parallel statutes setting forth the rights of appeal of the State and district court defendants, and the principle that HRS § 641-11 is to be construed in pari materia with other provisions authorizing appeals in criminal matters, we conclude that a circuit court defendant may appeal an order dismissing proceedings without prejudice under HRS § 641-11.[11]

## V.   CONCLUSION

We conclude that HRS § 641-11 authorizes a defendant's appeal in a criminal matter from a circuit court order dismissing the proceedings without prejudice.[12]  The ICA's Order Dismissing the Appeal was based on the ICA's conclusion that it

---

[11]    We also observe that affording a right of appeal of an order of dismissal without prejudice to district court defendants but denying that right to circuit court defendants would yield anomalous results.  See Lawrence, 139 Hawaiʻi at 201, 386 P.3d at 485 (finding jurisdiction under HRS § 641-11 over a judgment of acquittal and order of commitment in part because "to construe [the statute] to preclude an appeal under the circumstances of [the] case" would be "anomalous" (citing State v. Burgo, 71 Haw. 198, 202, 787 P.2d 221, 223 (1990))).  That is, it is rational, sensible, and practicable to interpret HRS § 641-11 to afford defendants the right to appeal from an order of dismissal without prejudice issued by the circuit court.  See Keliipuleole, 85 Hawaiʻi at 221-22, 941 P.2d at 304-05 ("[a] rational, sensible and practicable interpretation [of a statute] is preferred to one which is unreasonable or impracticable" (alterations in original) (quoting Lobendahn, 71 Haw. at 112, 784 P.2d at 873)).

[12]    To the extent that the ICA's prior decisions in State v. Kim, 109 Hawaiʻi 59, 60, 122 P.3d 1157, 1158 (App. 2005), and State v. Hern, 133 Hawaiʻi 59, 62 n.5, 323 P.3d 1241, 1244 n.5 (App. 2013), suggest that a circuit court defendant may not appeal an order of dismissal without prejudice, they are therefore incorrect.

lacked jurisdiction under HRS § 641-11 to review Nicol's appeal of the circuit court's Order of Dismissal.[13]  Accordingly, the ICA's January 11, 2017 Order Dismissing the Appeal is vacated, and the case is remanded to the ICA for proceedings consistent with this opinion.

| | |
|---|---|
| Brook Hart and<br>Chad N. Enoki<br>for petitioner | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| | /s/ Sabrina S. McKenna |
| Keith M. Kaneshiro and<br>Stephen K. Tsushima<br>for respondent | /s/ Richard W. Pollack |
| | /s/ Michael D. Wilson |



---

[13]    In light of our conclusion with respect to jurisdiction based on HRS § 641-11, it is not necessary to determine whether jurisdiction exists pursuant to this court's supervisory authority set forth in HRS § 602-4 (1993) or under the collateral order doctrine; for the same reason, we also do not reach the constitutional issues raised by Nicol on appeal.