**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000705
30-OCT-2024
08:06 AM
Dkt. 48 SO**

NO. CAAP-21-0000705

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
FRANK E. WILSON, Defendant-Appellant,
and
ALFRED L. WOODS, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-19-0001360)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, Wadsworth and Guidry, JJ.)

Defendant-Appellant Frank E. Wilson (**Wilson**), appeals

from the "Order Denying [] Wilson's Motion to Dismiss for Lack

of Jurisdiction[,]" filed on March 2, 2020 (**Order**)[1] by the Circuit Court of the First Circuit (**circuit court**).[2]

Wilson raises a single point of error on appeal: "Whether the [circuit court] erred in denying [Wilson's] Motion to Dismiss for Lack of Jurisdiction without considering, determining, and discussing in the Order whether Schofield Barracks was in fact a critical or vital area thus divesting the State of concurrent jurisdiction."

Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude that Wilson's contention lacks merit.

Wilson's jurisdictional argument, that the State of Hawaiʻi lacks concurrent jurisdiction to prosecute offenses committed at Schofield Barracks, raises a question of statutory interpretation. "Questions of statutory interpretation are questions of law reviewable *de novo*." Hawaii Gov't Emps. Ass'n,

---

[1]     The State charged Wilson by indictment with Computer Fraud in the First Degree, in violation of Hawaii Revised Statutes (**HRS**) § 708-891(1) (2014) (**Count 1**), and Theft in the First Degree, in violation of HRS §§ 708-830.5(1)(a) and § 708-830(1) (2014) (**Count 2**).  The circuit court dismissed both Counts 1 and 2 without prejudice.  Wilson's appeal is timely taken from the circuit court's "Findings of Fact, Conclusions of Law, and Order Granting [] Wilson's Motion for Reconsideration of the Denial of [] Wilson's Motion to Dismiss Counts 1 and 2 of the Indictment[,]" (**FOF/COL/Order**) filed on November 19, 2021, which resulted in the dismissal of this case without prejudice.  See State v. Nicol, 140 Hawaiʻi 482, 494, 403 P.3d 259, 271 (2017) ("HRS § 641-11 authorizes a defendant's appeal in a criminal matter from a circuit court order dismissing the proceedings without prejudice").

[2]     The Honorable Rowena A. Somerville presided.

2

AFSCME Loc. 152 v. Lingle, 124 Hawaiʻi 197, 201-02, 239 P.3d 1, 5-6 (2010).

In § 16(b) of the Hawaii Statehood Act, Congress established that the State would share concurrent jurisdiction with the federal government over lands in Hawaiʻi owned or controlled by the federal government at the time of Hawaiʻi's admission as a State. Pub. L. No. 86-3, § 16(b) 73 Stat. 4, 11-12 (1959). Section 16(b) also, however, reserved to the federal government "sole and exclusive jurisdiction over such military installations as have been heretofore or hereafter determined to be **critical areas** as delineated by the President of the United States and/or the Secretary of Defense." Id. (emphasis added). Wilson contends that Schofield Barracks, as a military installation, is a "critical area," as contemplated in the Hawaii Statehood Act. In support of his contention, Wilson relies on the President's Executive Order No. 10104, issued on February 1, 1950, which defines, inter alia, "[a]ll military, naval, or air-force installations[,]" as "vital military and naval installations."

In State v. Thomas, 8 Haw. App. 497, 504, 810 P.2d 668, 671-72 (App. 1991), this court held that,

> the very last proviso in § 16(b) holds that if the President and/or Secretary of Defense determines that a military installation in this state is a "critical area," then the United States would have exclusive jurisdiction over the land within the installation. Again, we are not

> aware that such a determination has been made. **Although there is some authority indicating that Pearl Harbor and its surrounding contiguous federal lands have been declared "vital" to the national defense of the country, we decline, without more, to hold that such a declaration is the equivalent of the determination required in the last proviso of § 16(b).** *See Silas Mason Co. v. Tax Comm'n*, 302 U.S. 186, 58 S.Ct. 233, 82 L.Ed. 187 (1937). Absent a concrete pronouncement by the federal government that it desires or requires exclusive jurisdiction over the land at Iroquois Point, we must give effect to the concurrent jurisdiction established by § 16(b).

(emphasis added).

Here, as in Thomas, we have not been made aware of any determination by the President and/or Secretary of Defense that Schofield Barracks is a "critical area" for purposes of § 16(b). As in Thomas, we decline to hold that Executive Order No. 10104 is the equivalent of such a determination. We must therefore give effect to the concurrent jurisdiction established by § 16(b).

For the foregoing reasons, we affirm the Order, filed March 2, 2020.

DATED: Honolulu, Hawaiʻi, October 30, 2024.

On the briefs:

Emmanuel G. Guerrero,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge