323 P.3d 1241
**STATE of Hawai'i, Plaintiff–Appellee,**
**v.**
**Dennis HERN, Defendant–Appellant.**

**State of Hawai'i, Plaintiff–Appellee,**
**v.**
**Joseph B.A. Ledbetter, Defendant–Appellant.**

Nos. CAAP–11–0000644, CAAP–12–0000528.

Intermediate Court of Appeals of Hawai'i.

March 27, 2013.

Richard L. Holcomb, (Holcomb Law, LLLC), on the briefs, for Defendant–Appellant Dennis Hern and Defendant–Appellant Joseph B.A. Ledbetter.

Stephen K. Tsushima, Deputy Prosecuting Attorney, City and County of Honolulu, on the briefs, for Plaintiff–Appellee in both appeals.

NAKAMURA, CHIEF JUDGE, FOLEY and FUJISE, JJ.

1. We consolidated the appeals for decision by order filed on March 19, 2013.

2. The Honorable William A. Cardwell presided over the proceedings relevant to Hern's appeal, and the Honorable Lono J. Lee presided over the proceeding relevant to Ledbetter's appeal.

Opinion of the Court by NAKAMURA, C.J.

In these consolidated appeals,[1] the District Court of the First Circuit (District Court) dismissed the charges against Defendant–Appellant Dennis Hern (Hern) and Defendant–Appellant Joseph B.A. Ledbetter (Ledbetter) (collectively, "Defendants") without prejudice for violation of the speedy trial requirements set forth in Hawaiʻi Rules of Penal Procedure (HRPP) Rule 48 (2000).[2] HRPP Rule 48(b) provides that "the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within" the time required by HRPP Rule 48.

On appeal, Defendants contend that the District Court erred in dismissing their charges without prejudice, instead of with prejudice. They also contend that the District Court erred in failing to make adequate findings to justify its dismissals without prejudice. In Hern's case, the District Court stated that it was following its "typical practice" in dismissing the charge without prejudice. In Ledbetter's case, the District Court did not provide any reason for its dismissal without prejudice.

We conclude that, pursuant to the Hawaiʻi Supreme Court's decision in *State v. Estencion*, 63 Haw. 264, 625 P.2d 1040 (1981), in determining whether to dismiss a case with or without prejudice for violation of the time limits set forth in HRPP Rule 48, the trial court is required to consider, among others, each of the following three factors: "[ (1) ] the seriousness of the offense; [ (2) ] the facts and the circumstances of the case which led to the dismissal; and [ (3) ] the impact of a reprosecution on the administration of [HRPP Rule 48] and on the administration of justice" (hereinafter, the *"Estencion* factors"). *Estencion*, 63 Haw. at 269, 625 P.2d at 1044 (quoting 18 U.S.C. § 3162(a)(2) of the federal Speedy Trial Act).[3] We further conclude that the trial court must "clearly artic-

3. The court in *Estencion* cited to 18 U.S.C. § 3162(a)(1) for the quoted language. However, the quoted language appears in both 18 U.S.C. § 3162(a)(1) (relating to time limits for filing an indictment) and 18 U.S.C. § 3162(a)(2) (relating to time limits for commencing trial). Because these consolidated appeals involve dismissals for

ulate [the] effect" of the *Estencion* factors and any other factor it considered in rendering its decision. *United States v. Taylor*, 487 U.S. 326, 336, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988). We need not automatically remand every case in which the trial court's findings are deficient, if the record is otherwise sufficient for this court to determinate whether the trial court abused its discretion. However, we will remand the case for the trial court to make the appropriate findings where: (1) the record affirmatively shows that the trial court failed to consider the *Estencion* factors; (2) the record is inadequate to permit meaningful review of the trial court's exercise of discretion; or (3) the trial court's findings are deficient and an inordinate burden would be placed on this court to conduct a searching review of the record necessary to determine whether the trial court abused its discretion.

Applying these principles, in Hern's appeal, we conclude that the District Court erred in relying on its "typical practice," rather than considering the required *Estencion* factors under the particular circumstances of Hern's case, in its dismissal of the charge without prejudice. In Ledbetter's case, the District Court failed to provide any explanation for its decision, and we conclude that the record is inadequate for this court to meaningfully review whether the District Court properly exercised its discretion in dismissing the charge without prejudice. Accordingly, we vacate the judgments dismissing the charges without prejudice and remand the cases with instructions that the District Court (1) consider the required *Estencion* factors; and (2) make findings that clearly articulate the effect of the *Estencion* factors and any other factor it considered in rendering its decision.

## BACKGROUND

### I.

On January 21, 2011, Hern was arrested and Plaintiff–Appellee State of Hawai'i (State) charged him by complaint with operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E–61(a)(1) and/or (a)(3) (Supp. 2012). On that same date, Hern was arraigned in the District Court and released to appear. Hern filed the following pretrial motions: (1) an April 18, 2011, "Motion to Compel Production of Laser Device Manuals and/or Materials" (Motion to Compel—Laser); an April 25, 2011, "Motion to Compel Breath Sample or, in the Alternative, Cobra Data, or to Impose Sanctions Including the Exclusion of BrAC Result" (Motion to Compel—Breath); and a May 13, 2011, "Motion to Dismiss for Lack of Jurisdiction" (Motion to Dismiss—Jurisdiction).

At a hearing held on May 17, 2011, the District Court granted the Motion to Compel—Laser, subject to a protective order; denied the Motion to Dismiss—Jurisdiction; and ordered the State to submit a supplemental memorandum in opposition to Hern's Motion to Compel—Breath. At a hearing on June 29, 2011, the District Court denied the Motion to Compel—Breath.

On August 18, 2011, Hern filed a motion to dismiss for violation of the speedy trial time limits set forth in HRPP Rule 48. On August 23, 2011, the District Court held a hearing on Hern's motion to dismiss for violation of HRPP Rule 48. The District Court acknowledged that in setting the trial date, it had believed that the time needed to rule on the Motion to Compel—Breath was excludable under HRPP Rule 48. However, upon further review, the District Court concluded that this time period was not excludable [4] and that as a result, the time limits of HRPP Rule 48 had been violated. The District Court granted Hern's motion to dismiss "in part" and dismissed the OVUII charge without prejudice.

In response, Hern orally requested that the District Court reconsider and dismiss the case with prejudice:

> [Defense counsel]: Your Honor, I would ask you to reconsider and dismiss it with prejudice just for the sheer volume of time that has passed since this was charged,

violating the time limits for commencing trial, we will refer to 18 U.S.C. § 3162(a)(2).

4. HRPP Rule 48(d)(2) provides that the time period to decide "requests/motions for discovery" "shall be deemed not to be excluded in computing the time for trial commencement."

and we have been back a number of times, as you know, on this case already.

The District Court denied Hern's request to dismiss the case with prejudice, stating:

> THE COURT: Well, you've been back, but primarily that has to do with your motions, and that's why we've been here a lot of times. And I wanted to get a good record for—especially for your motion to compel. So—and my typical practice on Rule 48, as you know, is to dismiss without prejudice, so that's—that's what I'll rule.

(Emphasis added.) The District Court entered its judgment dismissing the charge without prejudice on August 23, 2011.

## II.

On August 29, 2011, Ledbetter was arrested for OVUII and released after posting bail. On September 7, 2011, the State charged Ledbetter by complaint with OVUII, in violation of HRS § 291E–61(a)(1) and/or (a)(3). On December 6, 2011, Ledbetter filed four motions to compel. On December 9, 2011, the parties appeared in court and the State stated it was ready for trial. Ledbetter stated that he had not received discovery. The District Court (Judge David W. Lo) continued the case and charged the time to the State.

At a hearing held on February 13, 2012, the State served Ledbetter with its memorandum in opposition to Ledbetter's motions to compel. The proceedings were continued to March 1, 2012, for a hearing on Ledbetter's motions to compel. On March 1, 2012, the District Court (Judge Lono J. Lee) denied Ledbetter's motions to compel and set trial for April 30, 2012.

On April 27, 2012, Ledbetter filed a motion to dismiss for violation of the speedy trial time limits set forth in HRPP Rule 48. Ledbetter claimed that 221 countable days had elapsed under HRPP Rule 48, which exceeded the six months permitted under the rule. On April 30, 2012, the District Court (Judge Lono J. Lee) held a hearing on Ledbetter's motion to dismiss. The State stated that it was not ready to proceed to trial because two police officers were sick, and it represented

that the HRPP Rule 48 time period did not run until May 12, 2012. The parties argued about the appropriate HRPP Rule 48 computation. After hearing the argument, the District Court indicated that in reliance on Judge Lo's previous ruling, which charged time to the State, it was determining that HRPP Rule 48 has been violated. The District Court granted the motion to dismiss without prejudice, but did not state a reason for its dismissal without prejudice. The District Court entered its judgment dismissing the charge without prejudice on April 30, 2012.

## III.

On February 14, 2012, this court filed an order dismissing Hern's appeal for lack of jurisdiction. We ruled that the District Court's judgment dismissing Hern's charge without prejudice was not a final appealable judgement because there was no final adjudication on the merits and no sentence imposed against Hern, citing *State v. Kilborn*, 109 Hawai'i 435, 127 P.3d 95 (App.2005) (holding that a district court judgment is not a final judgment appealable by the defendant unless it includes the final adjudication and the final sentence), and *United States v. Tsosie*, 966 F.2d 1357 (10th Cir.1992) (holding that the dismissal of a criminal charge without prejudice under the federal Speedy Trial Act was not a final decision that could be appealed).

The Hawai'i Supreme Court accepted Hern's application for writ of certiorari and vacated this court's order dismissing Hern's appeal for lack of jurisdiction. The supreme court concluded that the District Court's judgment dismissing Hern's case without prejudice was an appealable final judgment pursuant to HRS § 641–12 (Supp.2012). In support of its decision, the supreme court cited *State v. Kalani*, 87 Hawai'i 260, 953 P.2d 1358 (1998), which held that there is appellate jurisdiction over the State's appeal from the dismissal of a charge without prejudice pursuant to HRS § 641–13(1) (authorizing the State to appeal from a judgment or order dismissing a criminal charge). The supreme court remanded the case to this court for disposition.[5]

---

5. It appears that the Hawai'i Supreme Court is drawing a distinction between the ability of a defendant to appeal the dismissal of a charge

without prejudice in circuit court cases versus district court cases. HRS § 641–11 (Supp.2012)

DISCUSSION

I.

HRPP Rule 48(b) provides in relevant part:

Except in the case of traffic offenses that are not punishable by imprisonment, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within six months:

(1) from the date of arrest if bail is set or from the filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made[.]

The six-month time limit for the commencement of trial is subject to a number of exceptions, or "excluded periods," set forth in HRPP Rule 48(c) and (d).

HRPP Rule 48 does not include any specific criteria for the court to apply in determining whether to dismiss a charge with or without prejudice. HRPP Rule 48(b) simply states that "the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion[.]" However, in *Estencion,* the Hawai'i Supreme Court judicially adopted factors that trial courts are required to consider in deciding whether to dismiss a charge with or without prejudice.

Unlike HRPP Rule 48, the federal Speedy Trial Act, 18 U.S.C. § 3161 et seq., includes specific factors that courts are required to consider in making this decision and provides as follows:

In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(2). In *Estencion,* the Hawai'i Supreme Court adopted this language of the federal Speedy Trial Act "as a requirement to [HRPP] Rule 48(b)" in order "[t]o eliminate confusion and to help the trial court in the exercise of its discretion[.]" *Estencion,* 63 Haw. at 269, 625 P.2d at 1044.

■ Accordingly, based on *Estencion,* in determining whether to dismiss the charges against Hern and Ledbetter with or without prejudice, the District Court was required to consider each of the *Estencion* factors: "[ (1) ] the seriousness of the offense; [ (2) ] the facts and the circumstances of the case which led to the dismissal; and [ (3) ] the impact of a reprosecution on the administration of [HRPP Rule 48] [ [6] ] and on the administration of justice." *Id.*[7] The District

authorizes appeals in criminal proceedings "[f]rom circuit courts," and HRS § 641–12 (Supp.2012) authorizes appeals in criminal proceedings "[f]rom district courts." HRS § 641–11 permits "[a]ny party aggrieved by the judgment of a circuit court in a criminal matter" to appeal to this court, and further provides that "[t]he sentence of the court in a criminal case shall be the judgment." In *State v. Kim,* 109 Hawai'i 59, 60, 122 P.3d 1157, 1158 (App.2005), we noted that the Hawai'i Supreme Court had dismissed for lack of appellate jurisdiction the defendant's appeal from the circuit court's dismissal of his criminal charge without prejudice pursuant to HRPP Rule 48. We stated that "[o]n August 12, 2003, the Hawai'i Supreme Court dismissed Kim's appeal, stating that the court lacked jurisdiction because the appeal was not authorized by HRS §§ 641–11 (1993) or 641–17 (1993) (appeal allowed only from a judgment of conviction or a certified interlocutory order)." *Id.* HRS § 641–12 permits appeals "from all final decisions and final judgments of district courts in all criminal matters." Unlike HRS § 641–11, HRS § 641–12 does not specifically define a final decision or judgment of the district court in

criminal matters to mean the "sentence of the court."

6. The portion of 18 U.S.C. § 3162(a)(2) adopted by the Hawai'i Supreme Court in *Estencion* refers to "the administration of this chapter." The chapter referenced in 18 U.S.C. § 3162(a)(2) is 18 U.S.C. Chapter 208, entitled "Speedy Trial," which contains provisions analogous to those contained in HRPP Rule 48.

7. We reject Defendants' argument that we should adopt the factors identified in *State v. Moriwake,* 65 Haw. 47, 647 P.2d 705 (1982), for the trial court to consider in determining whether to dismiss a charge with or without prejudice for violation of HRPP Rule 48. In *Moriwake,* the Hawai'i Supreme Court addressed the question of whether the trial court had abused its discretion in invoking its inherent power to dismiss with prejudice an indictment for manslaughter following two hung jury mistrials on the charge. The supreme court identified the following factors that the trial court should consider in deciding whether to dismiss a charge with prejudice following one or more mistrials:

Court was also permitted to consider whether Defendants were prejudiced by the HRPP Rule 48 violation. Although the presence or absence of prejudice to a defendant is not a required factor for the trial court to consider, it is a relevant factor that the court may properly consider in deciding whether to dismiss the charge with or without prejudice. *State v. Coyaso*, 73 Haw. 352, 358, 833 P.2d 66, 69 (1992); *State v. Kim*, 109 Hawai'i 59, 66, 122 P.3d 1157, 1164 (App.2005); *Taylor*, 487 U.S. at 334, 108 S.Ct. 2413.

## II.

We now turn to the question of whether the trial court is required to make specific findings in support of its decision to dismiss the charge with or without prejudice. In *Taylor*, the United States Supreme Court held that a trial court must make findings regarding the three factors the trial court was required to consider in deciding whether to dismiss a charge with or without prejudice under 18 U.S.C. § 3162(a)(2) of the federal Speedy Trial Act. The Court reasoned as follows:

> In the Speedy Trial Act, ... Congress specifically and clearly instructed that courts "*shall consider*, among others, *each of the following factors*," § 3162(a)(2) (emphasis added), and thereby put in place meaningful standards to guide appellate review. Although the role of an appellate court is not to substitute its judgment for that of the trial court, review must serve to ensure that the purposes of the Act and the legislative compromise it reflects are given effect. Where, as here, Congress has declared that a decision will be governed by consideration of particular factors, a district court must carefully consider those factors as applied to the particular case and, whatever its decision, clearly articulate their effect in order to permit meaningful appellate review. Only then can an appellate court ascertain whether a district court has ignored or slighted a factor that Congress has deemed pertinent to the choice of remedy, thereby failing to act within the limits prescribed by Congress.

*Taylor*, 487 U.S. at 336–37, 108 S.Ct. 2413 (some emphasis added).

■ In *Estencion*, the Hawai'i Supreme Court judicially adopted the statutory factors a trial court is required to consider under 18 U.S.C. § 3162(a)(2) as requirements for HRPP Rule 48(b). We conclude that it is appropriate to similarly adopt the United States Supreme Court's requirements regarding the findings a trial court must make under 18 U.S.C. § 3162(a)(2) and apply them to HRPP Rule 48(b). Accordingly, we hold that in determining whether to dismiss a charge with or without prejudice under HRPP Rule 48(b), the trial court must not only consider the *Estencion* factors, but must also clearly articulate the effect of the *Estencion* factors and any other factor it considered in rendering its decision. *See Taylor*, 487 U.S. at 336–37, 108 S.Ct. 2413; *see also* HRPP Rule 12(e) (2007) ("Where factual issues are involved in determining a [pretrial] motion, the court shall state its essential findings on the record."); *Moriwake*, 65 Haw. 47 n. 16, 647 P.2d at 713 n. 16 (stating that where trial courts dismiss cases with prejudice based on their inherent power, it is incumbent upon trial courts to express their factual findings in writing to enable appellate courts to conscientiously review the trial courts' exercise of discretion); *State v. Mageo*, 78 Hawai'i 33, 38, 889 P.2d 1092, 1097 (App.1995) ("[T]rial courts exercising [their inherent power to dismiss a criminal case

(1) the severity of the offense charged; (2) the number of prior mistrials and the circumstances of the jury deliberation therein, so far as is known; (3) the character of prior trials in terms of length, complexity and similarity of evidence presented; (4) the likelihood of any substantial difference in a subsequent trial, if allowed; (5) the trial court's own evaluation of relative case strength; and (6) the professional conduct and diligence of respective counsel, particularly that of the prosecuting attorney. *Id.* at 56, 647 P.2d at 712–13. Many of the *Moriwake* factors are directed at the specific question of whether the charge should be dismissed after a mistrial and have no application to a pretrial dismissal for an HRPP Rule 48 violation. More importantly, *Estencion* is controlling Hawai'i Supreme Court authority on the factors a trial court is required to consider under HRPP Rule 48. Accordingly, contrary to Defendants' contention, we conclude that the *Moriwake* factors are not the factors that the trial court is required to consider in determining whether to dismiss a charge with or without prejudice for violation of HRPP Rule 48.

with prejudice] should issue written factual findings setting forth their reasons for dismissal with prejudice so that a reviewing court may accurately assess whether the trial court duly exercised its discretion."). The trial court's explanation of its consideration of the *Estencion* factors and the basis for its decision will permit meaningful appellate review.

■ This does not necessarily mean, however, that we must or will automatically remand every case in which the trial court's findings fail to meet the required standard. Even if the trial court's findings are deficient, where the record is sufficient for the appellate court to make a determination of whether the trial court abused its discretion, the appellate court may elect, at its option, to resolve the appeal on the merits. *See United States v. Robinson,* 389 F.3d 582, 587–89 (6th Cir.2004) (reviewing and affirming the trial court's dismissal without prejudice under the federal Speedy Trial Act even though the trial court failed to make any findings regarding the statutory factors); *Taylor,* 487 U.S. at 337–43, 108 S.Ct. 2413 (conducting review of the trial court's federal Speedy Trial Act dismissal even though the trial court "did not fully explicate its reasons for dismissing [the charges] with prejudice"). However, where (1) the record affirmatively shows that the trial court failed to consider the *Estencion* factors; (2) the record is inadequate to permit meaningful review of the trial court's exercise of discretion; or (3) the trial court's findings are deficient and we decline to assume the burden of conducting a searching review of the record necessary to determine whether the trial court abused its discretion, we will remand the case for the trial court to make the appropriate findings.

### III.

Applying these principles to Hern's and Ledbetter's appeals, we conclude as follows.

■ In Hern's case, the District Court's statement that it was dismissing the charge without prejudice based on its "typical practice on [HRPP] Rule 48" affirmatively shows that the District Court failed to consider the *Estencion* factors. The District Court's statement indicates that it was relying on a blanket practice or policy, instead of considering the *Estencion* factors and exercising its discretion based on the particular circumstances of Hern's case. "[T]he existence of discretion requires its exercise[,]" and a court fails to properly exercise its discretion when it bases a decision on categorical rules, and not on the individual case before it. *United States v. Miller,* 722 F.2d 562, 565 (9th Cir.1983). "Discretionary action must be exercised on a case-by-case basis, not by any inflexible blanket policy[.]" *State v. Martin,* 56 Haw. 292, 294, 535 P.2d 127, 128 (1975). We conclude that the District Court failed to consider the *Estencion* factors and failed to properly exercise its discretion in dismissing Hern's OVUII charge without prejudice.

■ In Ledbetter's case, the District Court did not provide any explanation for its decision to dismiss the charge without prejudice. In his motion to dismiss the charge, Ledbetter asserted that a significant portion of the delay was attributable to the State's failure to provide him with any discovery. In addition, the record is not complete. With the exception of the April 30, 2012, hearing in which the District Court dismissed the case without prejudice, the transcripts of other hearings held in the case were not made part of the record on appeal. We conclude that the record in Ledbetter's case is inadequate for this court to meaningfully review whether the District Court properly exercised its discretion in dismissing Ledbetter's OVUII charge without prejudice.

### CONCLUSION

Based on the foregoing, we vacate the judgments dismissing Defendants' charges without prejudice, and we remand the case with instructions that in each case, the District Court (1) consider the *Estencion* factors in determining whether to dismiss the OVUII charge with or without prejudice and (2) make findings that clearly articulate the effect of the *Estencion* factors and any other factor it considered in rendering its decision.