Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000180
29-JUN-2020
07:45 AM

NO. CAAP-19-0000180

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
JOY BARUA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-18-02991)


SUMMARY DISPOSITION ORDER
(By: Chan, Presiding Judge, and Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Joy Barua (**Barua**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on February 14, 2019, in the District Court of the First Circuit, Honolulu Division (**District Court**).[1]  When the State was not ready to proceed on Barua's motions to suppress evidence, the District Court, at Barua's request, dismissed the charge against him, namely, Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes § 291E-61(a)(1) and/or (a)(3) (Supp. 2017).

Barua raises a single point of error on appeal, arguing that the District Court erred in dismissing the case without prejudice, instead of with prejudice.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Barua's point of error as follows:

---

[1]  The Honorable Kenneth J. Shimozono presided.

At a hearing on February 14, 2019, the District Court dismissed the case in the following exchange:

> THE COURT: Okay. So one, two, three, four. Okay. So what I'm going to do is I'm going to deny the State's request to continue this for APT and motions. <u>I'm going to grant the defense motion to dismiss. I'm going to dismiss it without prejudice.</u>
>
> [DEFENSE COUNSEL]: Thank you, your honor.
>
> THE COURT: And is there any bail to be returned? <u>And I'm doing it for lack of prosecution.</u> Okay.
>
> [Prosecutor], obviously if the State feels that it can gather its witnesses for, you know, the motion, it's your discretion to refile the charges. Okay. So bail to be returned to postee.
>
> [DEFENSE COUNSEL]: Thank you, your honor.

(Emphases added.)

Barua contends, in part, that the District Court erred in dismissing the charge without prejudice because the District Court "made inadequate findings to justify its decision[.]" Barua urges us to reach the merits and dismiss the case with prejudice. Alternatively, Barua argues that the case should be remanded for appropriate findings by the District Court.

The State agrees that the District Court "failed to provide sufficient findings regarding its dismissal of this case without prejudice" and states the case "should be remanded for proper findings . . . in order to allow for proper appellate review." The State also argues that Barua has not supplied a record sufficient for this court to determine whether the case should be dismissed with prejudice.

"In criminal cases, 'the power of a court to dismiss a case on its own motion for failure to prosecute with due diligence is inherent.'" <u>State v. Mageo</u>, 78 Hawaiʻi 33, 37, 889 P.2d 1092, 1096 (App. 1995) (emphasis and brackets omitted) (quoting <u>State v. Estencion</u>, 63 Haw. 264, 268, 625 P.2d 1040, 1043 (1981)). A trial court has the inherent power to dismiss a charge with or without prejudice for the failure to prosecute with due diligence, but must clearly articulate the reasons for its decision so that a reviewing court may accurately assess whether the trial court duly exercised its discretion. <u>See</u> <u>id.</u> at 37-38, 889 P.2d at 1096-97 (trial courts exercising their

2

inherent power to dismiss a criminal case with prejudice should set forth their reasons for doing so); State v. Hern, 133 Hawaiʻi 59, 64, 323 P.3d 1241, 1246 (2013) (in determining whether to dismiss a charge with or without prejudice under Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 48(b), the trial court must "clearly articulate the effect of the . . . factors [set forth in Estencion, 63 Haw. at 269, 625 P.2d at 1044] and any other factor it considered in rendering its decision"). When issuing its findings, the trial court should consider the appropriate factors depending upon the grounds for dismissal. Compare Mageo, 78 Hawaiʻi at 37-38, 889 P.2d at 1096-97 (dismissal with or without prejudice for want of prosecution requires "balancing of the interest of the state against fundamental fairness to a defendant with the added ingredient of the orderly functioning of the court system" (quoting State v. Moriwake, 65 Haw. 47, 56, 647 P.2d 705, 712 (1982)) (bracket omitted)), with Estencion, 63 Haw. at 269, 625 P.2d at 1044 (dismissal with or without prejudice for violation of HRPP Rule 48 requires consideration of: "the seriousness of the offense; the facts and the circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.").

Here, the District Court appeared to dismiss the case "for lack of prosecution," but did not clearly articulate the basis for that decision or the reasons for dismissing the case without prejudice. In addition, the record on appeal is inadequate for this court to meaningfully review whether the District Court properly exercised its discretion in dismissing the OVUII charge without prejudice.[2]

Therefore, we vacate the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on February 14, 2019, in the District Court of the First Circuit, Honolulu Division, and remand the case for the District Court to enter findings to support its decision to dismiss without prejudice and for further

---

[2] Although Barua ordered the transcript of the February 14, 2019 hearing in which the District Court dismissed the case without prejudice, the transcripts of other hearings held in the case were not made part of the record on appeal.

3

**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawai'i, June 29, 2020.


On the briefs:

                                    /s/ Derrick H.M. Chan
Richard L. Holcomb                  Presiding Judge
(Holcomb Law, LLLC)
for Defendant-Appellant.            /s/ Keith K. Hiraoka
                                    Associate Judge
Chad M. Kumagai,
Deputy Prosecuting Attorney,        /s/ Clyde J. Wadsworth
City & County of Honolulu,          Associate Judge
for Plaintiff-Appellee.