**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000466
05-MAR-2021
07:51 AM
Dkt. 51 SO**

NO. CAAP-19-0000466

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant, v.
PRECIOUS MARQUEZ, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1FFC-19-0000442)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Hiraoka and Wadsworth, JJ.)

Plaintiff-Appellant State of Hawaiʻi (**State**) appeals from the Order of Dismissal with Prejudice, entered on May 29, 2019 (**Dismissal Order**), in the Family Court of the First Circuit (**family court**).[1]

On May 13, 2019, the State filed a criminal complaint charging Defendant-Appellee Precious Marquez (**Marquez**) with two counts of felony Abuse of Family or Household Members, in violation of Hawaii Revised Statutes (**HRS**) § 709-906(1) and (9) (2014 & Supp. 2018)[2] (**Felony Abuse**). The charges stemmed from a

---

[1] The Honorable Naʻunanikinaʻu A. Kamaliʻi presided.

[2] At the time of the alleged offense in 2019, HRS § 709-906 stated, in relevant part:

> **Abuse of family of household members; penalty.** (1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member . . . .
>
> For the purposes of this section:
>
> . . . .
>
> "Family or household member":

(continued...)

May 9, 2019 incident in which Marquez allegedly struck the complaining witness (**CW**) in the presence of their one- and three-year-old children while at a Target store in Kapolei. Following a preliminary hearing on May 29, 2019, the family court dismissed the complaint with prejudice for lack of probable cause.

The State contends that the family court erred in: (1) dismissing the complaint with, rather than without, prejudice; and (2) failing to provide findings supporting the Dismissal Order. The State requests that the Dismissal Order be vacated and the case be assigned to a different judge on remand.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we vacate the Dismissal Order and remand this case to the family court with instructions, for the reasons set forth below.

"The use of a trial court's inherent power to dismiss a criminal charge with prejudice is reviewed for abuse of discretion." State v. Kapalski, No. CAAP-17-0000130, 2019 WL 2417753, at *5 (Haw. App. June 10, 2019) (mem.) (citing State v. Kostron, No. 30217, 2012 WL 4478586, at *2 (Haw. App. Sept. 28, 2012) (SDO)). "The trial court abuses its discretion when it clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant." State v. Plichta, 116 Hawaiʻi 200, 214, 172 P.3d 512, 526 (2007) (quoting State v. Rogan, 91 Hawaiʻi 405, 411, 984 P.2d 1231, 1237 (1999)).

---

[2]/ (...continued)
>
> (a) Means spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons in a dating relationship as defined under section 586-1, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or formerly residing in the same dwelling unit[.]
>
> . . . .
>
> (9) Where physical abuse occurs in the presence of a minor, as defined in section 706-606.4, and the minor is a family or household member less than fourteen years of age, abuse of a family or household member is a class C felony.

HRS § 709-906(1), (9) (2014 & Supp 2018).

At the preliminary hearing in this case, the State offered the CW's testimony in support of the Felony Abuse charges.  Following that testimony, the family court stated that it did not find the CW credible, and thus did not find probable cause to believe that the charged offenses had been committed and that Marquez had committed the charged offenses.  The family court thereafter dismissed the complaint with prejudice.

The State does not dispute the family court's finding of no probable cause, but argues that the court abused its discretion in dismissing the Felony Abuse charges with prejudice.

The supreme court has explained the purpose of a preliminary hearing as follows:

> "The primary purpose of a preliminary hearing is to ascertain whether there is reasonable ground to believe that a crime has been committed and whether there is just cause to believe the defendant committed it."  21 Am. Jur. 2d Criminal Law, § 413, at 685 (1981).
>
> The credibility of witnesses at a preliminary hearing is a proper consideration for the judge in determining probable cause.  Moreover, the credibility of witnesses at the preliminary hearing is a question of fact within the province of the committing judge to determine and neither the trial court nor an appellate court may substitute its judgment for his or hers on such question.

Id. at 684.

Reed v. City & Cty. of Honolulu, 76 Hawaiʻi 219, 228, 873 P.2d 98, 107 (1994) (brackets and ellipsis omitted).  "If from the evidence [adduced at a preliminary hearing] it appears that there is probable cause to believe that the felony charged, or an included felony, has been committed and that the defendant committed it, the court shall commit the defendant to answer in the circuit court; otherwise, the court shall discharge the defendant."  Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 5(c)(6) (emphasis added).

Thus, where, as here, the court does not find probable cause to hold the defendant to answer the charge, the remedy under HRPP Rule 5(c)(6) is to discharge the defendant, not to dismiss the charge with prejudice.  We therefore view the family court's dismissal with prejudice as an exercise of its inherent power to "administer justice."  State v. Moriwake, 65 Haw. 47, 55, 647 P.2d 705, 712 (1982); accord State v. Alvey, 67 Haw. 49,

57, 678 P.2d 5, 10 (1984) (holding that the trial court has inherent power to dismiss a criminal charge with prejudice under certain circumstances).

The family court's power in this respect "is not unbounded." Kapalski, 2019 WL 2417753, at *6. "The court must balance the interests of the state against fundamental fairness to the defendant, with the added ingredient of the orderly functioning of the court system." Id. (citing Moriwake, 65 Hawaiʻi at 55-56, 647 P.2d at 712). "For example, the court acts within its discretion when dismissing charges after two mistrials," but "abuses that discretion when dismissing prior to the first trial for comity or judicial economy absent a due process violation or misconduct that represents a serious threat to the integrity of the judicial process." Id. (emphasis added) (comparing Moriwake, 65 Hawaiʻi at 57, 647 P.2d at 713 with Alvey, 67 Haw. at 57, 678 P.2d at 10-11).

Here, the family court did not make factual findings supporting the Dismissal Order. Nonetheless, the record is sufficient for this court to make a determination of whether the family court abused its discretion in dismissing the Felony Abuse charges with prejudice. See Kapalski, 2019 WL 2417753, at *7 (citing State v. Hern, 133 Hawaiʻi 59, 64-65, 323 P.3d 1241, 1246- 47 (App. 2013)). Specifically, the family court stated on the record that it was dismissing the charges for lack of probable cause, because it did not find the CW credible. There was no mention or suggestion, and we find no evidence in the record, of a due process violation or any misconduct representing a serious threat to the integrity of the judicial process.

On this record, we conclude that the family court abused its discretion in dismissing the Felony Abuse charges with prejudice. Given our conclusion, we do not reach the State's second issue on appeal. In addition, the State's request that this case be remanded to a different judge is denied.

Therefore,

IT IS HEREBY ORDERED that the Order of Dismissal with Prejudice, entered on May 29, 2019, in the Family Court of the First Circuit, is vacated, and this case is remanded to the

family court with instructions to dismiss the Felony Abuse Charges without prejudice.

DATED:  Honolulu, Hawaiʻi, March 5, 2021.


On the briefs:

/s/ Katherine G. Leonard
Presiding Judge

Chad M. Kumagai,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellant.

/s/ Keith K. Hiraoka
Associate Judge

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellee.

/s/ Clyde J. Wadsworth
Associate Judge