**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000637
09-JUN-2022
07:48 AM
Dkt. 51 SO**

NO. CAAP-20-0000637

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
RIAN THOMPSON, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(WAIʻANAE DIVISION)
(CASE NO. 1DTA-19-02260)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

Defendant-Appellant Rian Thompson (**Thompson**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment entered on September 25, 2020 (**Judgment**), in the District Court of the First Circuit, Waiʻanae Division (**District Court**).[1]

On July 15, 2019, Thompson was charged by complaint with Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) and/or (a)(3) (Supp. 2018).[2]  On February 14, 2020, Thompson moved to

---

[1]    The Honorable Sherri-Ann L. Iha presided.

[2]    HRS § 291E-61(a) provides, in part:

   **HRS § 291E-61 Operating a vehicle under the influence of an intoxicant**  (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual

(continued...)

dismiss the case pursuant to Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 48 and/or his constitutional speedy trial rights. On September 25, 2020, the District Court dismissed the case without prejudice.

Thompson raises a single point of error on appeal, contending that the District Court erred in dismissing the case without prejudice, instead of with prejudice. Thompson further contends that, at the very least, the case should be vacated and remanded for appropriate findings.

Plaintiff-Appellee State of Hawaiʻi (the **State**) argues that the District Court did not abuse its discretion in dismissing the case without prejudice. However, the State acknowledges that the District Court did not state that it considered the Estencion[3] factors and then clearly articulate its findings on the record.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Thompson's point of error as follows:

HRPP Rule 48(b) provides that "the court shall, on motion of the defendant, dismiss the charge, with or without

---

[2](...continued)
      physical control of a vehicle:
          (1)   While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;
    . . . .
          (3)   With .08 or more grams of alcohol per two hundred ten liters of breath[.]

[3]    See State v. Estencion, 63 Haw. 264, 625 P.2d 1040 (1981).

prejudice in its discretion, if trial is not commenced within" the time required by HRPP Rule 48. "[I]n determining whether to dismiss a charge with or without prejudice under HRPP Rule 48(b), the trial court must not only consider the Estencion factors, but must also clearly articulate the effect of the Estencion factors and any other factor it considered in rendering its decision." State v. Hern, 133 Hawaiʻi 59, 64, 323 P.3d 1241, 1246 (App. 2013) (citation omitted). In addition, a trial court has the inherent power in criminal cases to "dismiss a case on its own motion for failure to prosecute with due diligence" with or without prejudice, but must issue written findings articulating the reasons for its decision to dismiss with or without prejudice. See State v. Mageo, 78 Hawaiʻi 33, 37-38, 889 P.2d 1092, 1096-97 (App. 1995) (citations omitted). Indeed, the trial court must consider the appropriate factors, which depend upon the grounds for dismissal. See id. at 37, 889 P.2d at 1096 (dismissal with or without prejudice for want of prosecution requires a "balancing of the interest of the state against fundamental fairness to a defendant with the added ingredient of the orderly functioning of the court system" (quoting State v. Moriwake, 65 Haw. 47, 56, 647 P.2d 705, 712 (1982)) (internal quotation marks and brackets omitted),[4] see also Estencion, 63

---

[4] The factors that the trial court should consider in maintaining this balance include:

> (1) the severity of the offense charged; (2) the number of prior mistrials and the circumstances of the jury deliberation therein, so far as is known; (3) the character of prior trials in terms of length, complexity and similarity of evidence presented; (4) the likelihood of any substantial difference in a
>
> (continued...)

Haw. at 269, 625 P.2d at 1044 (dismissal with or without prejudice for violation of HRPP Rule 48 requires consideration of: "the seriousness of the offense; the facts and the circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice").

Here, the District Court did not enter findings in support of its decision to dismiss the case without prejudice and the record in this case is inadequate for this court to meaningfully review whether the District Court properly exercised its discretion.

Therefore, the District Court's September 25, 2020 Judgment is vacated, and this case is remanded to the District Court to enter appropriate findings.

DATED: Honolulu, Hawaiʻi, June 9, 2022.

On the briefs:

Richard L. Holcomb,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

[4](...continued)
    subsequent trial, if allowed; (5) the trial court's
    own evaluation of relative case strength; and (6) the
    professional conduct and diligence of respective
    counsel, particularly that of the prosecuting
    attorney.

Moriwake, 65 Haw. at 56, 647 P.2d at 712-13 (citation omitted).