**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000140
23-JUN-2022
07:48 AM
Dkt. 41 SO**

NO. CAAP-21-0000140

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MICHAEL LUNGOCI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-20-00722)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Michael Lungoci (**Lungoci**) appeals from the February 16, 2021 Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**), entered by the District Court of the First Circuit, Honolulu Division (**District Court**).[1]

On March 11, 2020, Lungoci was charged by complaint with Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1), (b)(1).[2] Lungoci requested to dismiss the case based on, *inter*

---

[1] The Honorable James C. McWhinnie presided.

[2] HRS § 291E-61 (Supp. 2019), entitled "Operating a vehicle under the influence of an intoxicant," provides in pertinent part:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

(continued...)

*alia*, "the length of this case[.]"  On February 16, 2021, the District Court dismissed the case without prejudice.

Lungoci raises a single point of error on appeal, arguing that the District Court erred in dismissing the case without prejudice or, at the very least, the case should be vacated and remanded for findings in support of dismissing with or without prejudice.  While Plaintiff-Appellee State of Hawai‘i (**State**) argues that the District Court did not abuse its discretion in dismissing the case without prejudice, the State "acknowledges" that the District Court did not indicate its reasons for dismissing the case without prejudice and did not affirmatively state that it considered the Estencion[3] factors and then clearly articulate its findings on the record.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Lungoci's point of error as follows, and vacate and remand for findings.

"In criminal cases, 'the power of a court to dismiss a case on its own motion for failure to prosecute with due diligence is inherent.'"  State v. Mageo, 78 Hawai‘i 33, 37, 889 P.2d 1092, 1096 (App. 1995) (emphasis and brackets omitted) (quoting Estencion, 63 Haw. at 268, 625 P.2d at 1043).  A trial court has the inherent power to dismiss a charge with or without prejudice, but must clearly articulate the reasons for its

---

[2](...continued)
. . . .

> (b)  A person committing the offense of operating a vehicle under the influence of an intoxicant shall be sentenced without possibility of probation or suspension of sentence as follows:
>
> (1)  For the first offense, or any offense not preceded within a ten-year period by a conviction for an offense under this section or section 291E-4(a)[.]

[3]     See State v. Estencion, 63 Haw. 264, 269, 625 P.2d 1040, 1044 (1981) (dismissal with or without prejudice for violation of HRPP Rule 48 requires consideration of: "the seriousness of the offense; the facts and the circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.").

decision so that a reviewing court may accurately assess whether the trial court duly exercised its discretion.  See id. at 37-38, 889 P.2d at 1096-97; see also State v. Hern, 133 Hawai'i 59, 64, 323 P.3d 1241, 1246 (App. 2013), abrogated on other grounds by State v. McKeown, No. CAAP-19-0000607, 2021 WL 2182355, at *1 (App. May 28, 2021) (holding that in determining whether to dismiss a charge with or without prejudice under Hawai'i Rules of Penal Procedure (**HRPP**) Rule 48(b), the trial court must "clearly articulate the effect of the . . . factors [set forth in Estencion, 63 Haw. at 269, 625 P.2d at 1044] and any other factor it considered in rendering its decision").

Here, the District Court did not provide any explanation for its decision to dismiss the case without prejudice.  We conclude that the record in this case is inadequate for this court to meaningfully review whether the District Court properly exercised its discretion in dismissing the case without prejudice.  See Hern, 113 Hawai'i at 64, 323 P.3d at 1246.

For the foregoing reasons, the February 16, 2021 Notice of Entry of Judgment and/or Order and Plea/Judgment is vacated, and this case is remanded to the District Court to enter appropriate findings to support its decision to dismiss without prejudice and for further proceedings as may be necessary consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawai'i, June 23, 2022.

On the briefs:

Richard L. Holcomb,
(Holcomb Law, LLLC)
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge