**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000009
30-JUN-2023
07:56 AM
Dkt. 71 SO**

NO. CAAP-21-0000009

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant, v.
CHARLES E. BOWMAN, also known as Charles E. Bowman, II,
Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1FFC-17-0000826)

<u>SUMMARY DISPOSITION ORDER</u>
(By: Ginoza, C.J., and Hiraoka and Wadsworth, JJ.)

Plaintiff-Appellant State of Hawaiʻi (**State**) appeals from the December 8, 2020 "Findings of Fact, Conclusions of Law, and Order Granting[ ]Defendant Bowman's 2nd Motion to Dismiss For Violation of Hawaii Rules of Penal[ ]Procedure Rule 48" (**FOFs/COLs/Order**), entered in the Family Court of the First Circuit (**Family Court**).[1]

In the Family Court, the State conceded that there was a violation of Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 48,[2] but argued that the case should be dismissed without prejudice. On appeal, the State contends that the Family Court abused its discretion in dismissing the case with prejudice: (1) "by

---

[1] The Honorable Faʻauuga Toʻotoʻo presided.

[2] HRPP Rule 48 provides in pertinent part:

(b) **By Court.** Except in the case of traffic offenses that are not punishable by imprisonment, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within six months:

(1) from the date of arrest if bail is set or from the filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made[.]

arbitrarily considering whether the State objected to Bowman's requests for continuances," and, thus, (2) in weighing the factors identified in State v. Estencion, 63 Haw. 264, 625 P.2d 1040 (1981).

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve the State's contentions as follows, and vacate and remand for further findings.

## I.  Background

On August 15, 2017, the State filed a complaint against Defendant-Appellee Charles E. Bowman, aka Charles E. Bowman II (**Bowman**), charging him with one count[3] of Abuse of Family or Household Members, in violation of Hawaii Revised Statutes (**HRS**) §§ 709-906 (1) and (8).  On August 21, 2017, the State filed another Complaint against Bowman, adding a second count for Terroristic Threatening in the Second Degree, in violation of HRS § 707-717(1).

Bowman was arraigned and entered a plea on August 31, 2017.  The case was assigned to the Honorable Christine Kuriyama and jury trial was set for October 30, 2017.

### A. First and Second Continuances

Trial calls were held on October 17, 2017, and February 6, 2018.  On both occasions, Bowman moved to continue trial, and the State did not object.  On both occasions, Bowman's motion was granted, and he waived his Rule 48 and constitutional speedy trial rights for the period of the continuance.  On the first occasion, trial was set for February 20, 2018; on the second occasion, trial was set for July 16, 2018.

### B. Third and Fourth Continuances

On April 18, 2018, the case was transferred to the Honorable Faʻauuga Toʻotoʻo.  At a May 18, 2018 status conference,

---

[3]  FOF 1 incorrectly states that the August 15, 2017 Complaint included a charge of Terroristic Threatening in the Second Degree.

Judge Toʻotoʻo continued the trial date to October 1, 2018, due to the court's schedule.  Bowman moved to continue trial, and the State did not object.  Bowman's motion was granted, and he waived his Rule 48 and speedy trial rights for the period of the continuance.  Trial was set for November 12, 2018.

### C.    Fifth Continuance

On October 29, 2018, Bowman failed to appear at trial call, the court issued a bench warrant for his arrest, and the November 12, 2018 trial date was stricken.  On October 30, 2018, Bowman filed a motion to recall the bench warrant.  Bowman explained that he "had not appeared [at trial call] because he was in HPD custody, having been arrested for DUI in the early morning hours of 10-29-18."  At a hearing on November 7, 2018, the court granted Bowman's motion to recall the bench warrant. The court proposed resetting the trial for March 4, 2019, defense counsel raised a schedule conflict, and the court set trial for April 15, 2019.  The court charged the time period from October 29, 2018, to April 15, 2019, to the defense due to Bowman's failure to appear at the October 29, 2018 trial call.

### D.    Sixth and Seventh Continuances

On April 5, 2019, the State moved to continue trial "based on [its] lack of contact with [the complaining witness (**CW**)]."  At the April 9, 2019 hearing of the State's motion, Bowman objected to the continuance, but acknowledged it was the State's first request for a continuance.  The State initially requested that the trial be continued to June 3, 2019.  The court responded, "We're now scheduling in July and August[,]" and the State asked to set trial in July.  The following exchange then occurred:

> THE COURT:  Okay.  From the -- the week of July 22nd.
>
> [DEFENSE COUNSEL]:  From the 22nd, I would have to waive until August 19th.  The reason for that is I will be off island from the 15th of July through the 9th of August, and I'd like to have a week to prepare before we do this.
>
> THE COURT:  Okay.  So the week of August 12th or the 19th. Take your pick.
>
> [DEFENSE COUNSEL]: 19th, please.

3

> THE COURT: Okay. All right.
>
> [DEFENSE COUNSEL]: And waiving from the 22nd, Judge.
>
> THE COURT: Waiving, okay. All right.
>
> So new trial week, August 19th. . . .
>
> All right. So from July 22nd to August 19th, . . . this actual time charged to the defense, being that -- right, [defense counsel]?
>
> [DEFENSE COUNSEL]: The time of the 22nd of July through that, yes.

Defense counsel's statements were thus construed as a motion to continue the trial, which was granted, with Bowman waiving his Rule 48 and speedy trial rights for the period from July 22 to August 19, 2019. Trial was set for August 19, 2019.

## E. First Motion to Dismiss Under Rule 48

On July 22, 2019, Bowman filed a Motion to Dismiss for Violation of [HRPP] Rule 48" (**First Rule 48 Motion**). Bowman argued that the case should be dismissed because trial did not commence within six months of arrest or the filing of the charges against him, and that pursuant to the Estencion three-factor test, the case should be dismissed with prejudice.

The State filed a memorandum in opposition to Bowman's motion, arguing that the continuance from April 15 to July 22, 2019 "should be excluded in computing the time for trial commencement" under HRPP Rule 48(c)(4)(i).[4]

---

[4] HRPP Rule 48(c) provides, in relevant part:

> The following periods shall be excluded in computing the time for trial commencement:
>
> . . . .
>
> (4) periods that delay the commencement of trial and are caused by a continuance granted at the request of the prosecutor if:
>
> (i) the continuance is granted because of the unavailability of evidence material to the prosecution's case, when the prosecutor has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at a later date[.]

4

At the August 5, 2019 hearing of the motion, the CW and the "victim witness counselor" Robyn Sonnenberg (**Sonnenberg**) both testified. The CW testified that she was in Australia between March 8, 2019, and April 12, 2019, and she had planned to return to Hawaiʻi on April 10, but her flight was canceled and rescheduled for April 12. While the CW was in Australia, she attempted to communicate to Sonnenberg via email that she would be available for trial on April 15. However, based on the CW and Sonnenberg's testimony, it appears that Sonnenberg did not receive the CW's email due to a misspelling of Sonnenberg's email address.

The court denied the First Rule 48 Motion on the ground that the time period between April 15 and July 22, 2019, was an "excludable period under the exception under Rule 48 for unavailability and exercise of due diligence and . . . good cause."

## F.   Eighth Continuance

On August 14, 2019, the court held a hearing on motions in limine and a status conference. Both the State and Bowman declared themselves ready for trial. Dr. Kevin Hadley, the CW's treating physician and one of the State's medical expert witnesses, was scheduled to testify at trial on August 26, 2019. But the court indicated that it would not be conducting trial on August 26, 2019. Dr. Hadley was not available on any other scheduled trial day. The State made its second motion to continue trial from August 19, 2019, to the week of September 9, 2019. The court granted the State's motion over Bowman's objection and continued trial from August 19, 2019, to September 10, 2019.

## G.   Ninth Continuance

On September 3, 2019, the State produced to Bowman a collection of notes and annotated articles that the CW had been keeping, and had only recently disclosed to the State. Bowman moved to continue trial, and at a September 9, 2019 hearing, the court granted the motion. The court reserved ruling on whether

this was or was not an excludable period for Rule 48 purposes.
Trial week was set for February 18, 2020.

## H.  Second Motion to Dismiss Under Rule 48

On January 21, 2020, Bowman filed "Defendant's 2nd
Motion to Dismiss for Violation of Hawaii Rules of Penal
Procedure Rule 48" (**Second Rule 48 Motion**).  Bowman "ask[ed] the
court to reconsider its previous ruling" that the period from
April 9, 2019 to July 22, 2019 would be charged to the defense.
Bowman argued in the alternative that "[e]ven if the court does
not reconsider its previous ruling, it should charge the time
from 9-9-19 to 1-21-19 [sic] against the State for its lack of
due diligence in providing timely discovery which cause [sic] the
defendant to ask for a continuance on 9-9-19."  Bowman also
asserted that the Estencion factors weighed in favor of dismissal
of the charges with prejudice.

At a February 7, 2020 hearing, the Family Court granted
Bowman's Second Rule 48 Motion and dismissed the charges against
Bowman with prejudice.  The court ruled in part:

> [B]ased on the facts here, the State continued this matter
> twice; and, two, [Bowman] has a clean record based on
> disputed issues here as to the injuries involved here, and
> the fact that this witness, according to the State, was –
> they knew where the witness was at the time to – and the
> fact that considering the age of the case this matter is
> dismissed with prejudice.

On December 8, 2020, the Family Court entered the
FOFs/COLs/Order.  The COLs stated:

> 1.    The State agreed that the Rule 48 period has been
> exceeded, and the court so concludes.
>
> 2.    In determining whether dismissal is with or without
> prejudice the court considers the following factors: 1) the
> seriousness of the offense; 2) the facts and circumstances
> of the case which led to the dismissal; and 3) the impact of
> reprosecution on the administration of Rule 48 and on the
> administration of justice.
>
> 2.[5]    [Bowman] agrees that the offenses charged in this case
> are serious, and the court so concludes.  This factor weighs
> in favor of dismissal without prejudice.
>
> 3.    The facts and circumstances of this case that leads

---

[5]    The COLs contain two different paragraphs numbered "2."

[sic] to dismissal are:

          a. [Bowman] requested continuance of trial five times. But the State did not object to four of [Bowman]'s requests to continue trial. Therefore, for purposes of determining whether dismissal will be with or without prejudice, [Bowman] is responsible for one trial continuance.

          b. The State requested continuance of trial two times. [Bowman] objected to both continuances, which were granted over [Bowman's] objections. Therefore, for purposes of determining whether dismissal will be with or without prejudice, the State is responsible for two continuances.

          c. The State had the means to ensure that witnesses were available for trial or to advance trial. The State did not advance trial or take other action to ensure that trial would proceed within the Rule 48 period.

          This factor weighs in favor of dismissal with prejudice.

4.      Reprosecution would adversely impact the administration of Rule 48 and the administration of justice, because of the age of the case, [Bowman] has no prior felony convictions, and the facts alleged by the State are disputed by [Bowman].

          This factor weighs in favor of dismissal with prejudice.

(Footnote added.)

## II.  Discussion

"We review a trial court's decision to dismiss a case with or without prejudice for violation of HRPP Rule 48 for abuse of discretion." State v. Fukuoka, 141 Hawaiʻi 48, 55, 404 P.3d 314, 321 (2017) (citing Estencion, 63 Haw. at 269, 625 P.2d at 1044). "A trial court abuses its discretion when it 'clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant.'" Pub. Access Trails Hawaiʻi v. Haleakala Ranch Co., 153 Hawaiʻi 1, 21, 526 P.3d 526, 546 (2023) (brackets omitted) (quoting Honolulu Constr. & Draying Co. v. DLNR, 130 Hawaiʻi 306, 313, 310 P.3d 301, 308 (2013)).

In determining whether to dismiss a case with or without prejudice, "the [trial] court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and the circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [HRPP Rule 48] and on the administration of

7

justice."  Fukuoka, 141 Hawaiʻi at 55-56, 404 P.3d at 321-22 (quoting Estencion, 63 Haw. at 269, 625 P.2d at 1044).  The trial court must also "clearly articulate the effect of the Estencion factors and any other factor it considered in rendering its decision."  Id. at 56, 404 P.3d at 322 (quoting State v. Hern, 133 Hawaiʻi 59, 64, 323 P.3d 1241, 1246 (App. 2013)).

Here, the State contends that the Family Court abused its discretion in evaluating the second Estencion factor "by arbitrarily considering whether the State objected to Bowman's requests for continuances."  In that regard, the State challenges COL 3(a), which states:

> 3.    The facts and circumstances of this case that leads [sic] to dismissal are:
>
> a. [Bowman] requested continuance of trial five times. But the State did not object to four of [Bowman]'s requests to continue trial.  Therefore, for purposes of determining whether dismissal will be with or without prejudice, [Bowman] is responsible for one trial continuance.

The State argues that "it was arbitrary for the family court to simply assign the responsibility for continuances on the basis that it did, compare the one defense continuance remaining against the two State's continuances and then summarily conclude . . . that the facts and circumstances of this case that led to dismissal weighed in favor of dismissal with prejudice."  The State further argues that the Family Court "does not appear to have really weighed the Estencion factors in their totality in a meaningful way[,]" but instead made a "purely mechanical" determination.

Bowman "concedes that the [Family C]ourt's findings are deficient," but argues that the case need not be remanded because the record is sufficient to establish that the Family Court did not abuse its discretion in dismissing the case with prejudice. We disagree with the latter argument.

In Fukuoka, the supreme court explained:

> Under the second Estencion factor, a court in determining whether to dismiss a case with or without prejudice for violation of HRPP Rule 48 must consider "the facts and the circumstances of the case which led to the dismissal."  Estencion, 63 Haw. at 269, 625 P.2d at 1044. In evaluating the facts and circumstances of the case, the court should focus on "the culpability of the conduct that

led to the delay." United States v. Cano-Silva, 402 F.3d
1031, 1036 (10th Cir. 2005); see United States v. Peppin,
365 F. Supp. 2d 261, 265 (N.D.N.Y. 2005) (under the facts
and circumstances factor, "the inquiry thus turns to who is
responsible for the delay and for what reasons")[.]

Fukuoka, 141 Hawaiʻi at 60, 404 P.3d at 326 (emphasis added;
original brackets omitted).  "Relevant considerations within this
factor may include whether the delay was caused by the State's
neglect or deliberate misconduct[,]" and "whether the delay was
caused by the defendant's conduct."  Id. (citing United States v.
Bert, 814 F.3d 70, 80 (2d. Cir. 2016)).  "The trial court should
also consider delays caused by the court itself."  Id.

Here, the parties and this court agree that the Family
Court's findings on the second Estencion factor are deficient.
COL 3(a) begins with the assertion that Bowman "requested
continuance of trial five times."  Although it is not entirely
clear, the FOFs appear to identify these requests as having been
made on October 17, 2017, February 6, 2018, May 18, 2018, and
April 9, 2019, and on or about September 3, 2019.  There appears
to be no consideration in COL 3(a) of Bowman's failure to appear
for trial call on October 29, 2018, and the resulting delay
thereafter, to April 15, 2019, which FOF 8 states was charged to
the defense.[6/]  Additionally, COL 3(a) does not appear to focus on
the "culpability of the conduct" that led to each delay; it
merely notes that the State "did not object" to four of Bowman's
requests to continue trial and summarily concludes that Bowman is
thus responsible for only one continuance.  See Peppin, 365 F.
Supp. 2d at 265 (under the facts and circumstances factor, "[t]he
inquiry . . . turns to who is responsible for the delay and for
what reasons" (emphasis added)).  Without more detail as to

---

[6/]    FOFs 7 and 8 state, in relevant part:

7.    [Bowman] failed to appear at trial call on October 29,
2018 and a bench warrant was issued and the November 12,
2018 trial date was stricken.

8.    On November 7, 2018, [Bowman] appeared for hearing on
his motion to recall bench warrant.  [Bowman]'s motion to
recall bench warrant was granted. Trial was set for
April 15, 2019. . . .  In addition, the court found that all
the time from the October 29, 2018 trial call to the new
trial date of April 15, 2019 is charged to defense due to
[Bowman]'s failure to appear at the October 29, 2018 trial
call.

whether each delay <u>was caused by</u> the conduct of Bowman, the State, and/or the court, and for what reasons, we cannot determine whether the Family Court properly assessed the "culpability of the conduct" that led to the delays at issue.

The lack of specificity in the Family Court's findings places an "inordinate burden" on this court to conduct "a searching review of the record" to determine whether the trial court abused its discretion in evaluating the second <u>Estencion</u> factor and, accordingly, in weighing all of the <u>Estencion</u> factors. <u>Hern</u>, 133 Hawaiʻi at 61, 323 P.3d at 1243; see also <u>State v. Visintin</u>, 143 Hawaiʻi 143, 157-58, 426 P.3d 367, 381-82 (2018) ("'[I]t is not the role of the appellate court, in the first instance, to make determinations' as to factual issues[.]" (quoting <u>State v. Rodrigues,</u> 122 Hawaiʻi 229, 238, 225 P.3d 671, 680 (App. 2010))). We thus vacate and remand for further findings consistent with this Summary Disposition Order, and any further proceedings the Family Court may deem necessary. <u>See Hern</u>, 133 Hawaiʻi at 65, 323 P.3d at 1247.

For the reasons discussed above, we vacate the "Findings of Fact, Conclusions of Law, and Order Granting[ ] Defendant Bowman's 2nd Motion to Dismiss For Violation of Hawaii Rules of Penal[ ]Procedure Rule 48," entered on December 8, 2020, in the Family Court of the First Circuit. The case is remanded to the Family Court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, June 30, 2023.

On the briefs:

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellant.

William H. Jameson, Jr.,
Deputy Public Defender,
for Defendant-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge